[Cite as *Barger v. Elite Mgt. Servs., Inc.*, 2018-Ohio-3755.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| NICOLE MCCLENDON BARGER, Individually, and on behalf of those similarly situated, | : | APPEAL NO. C-170322 TRIAL NO. A-1605871 |
| | : | |
| Plaintiff-Appellant, | : | *O P I N I O N.* |
| | : | |
| vs. | : | |
| | : | |
| ELITE MANAGEMENT SERVICES, INC., | : | |
| | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: September 19, 2018

*Montgomery, Rennie & Jonson*, *George D. Jonson* and *Anthony P. McNamara*, and *Statman, Harris & Eyrich, L.L.C.*, *Alan J. Statman* and *Sylvie Derrien*, for Plaintiff-Appellant,

*Stagnaro, Saba, & Patterson Co., L.P.A., Jeffrey M. Nye* and *Christopher R. Jones*, for Defendant-Appellee.

**MILLER, Judge.**

{¶1}    Nicole Barger appeals from the trial court's Civ.R. 12(B)(6) dismissal of her putative class action lawsuit against appellee Elite Management Services, Inc., ("EMS"). We affirm the dismissal of Barger's claims for breach of contract, violations of the Ohio Consumer Sales Practices Act ("OCSPA") and the Ohio Planned Community Law ("OPCL"), and for declaratory judgment. We reverse the dismissal of Barger's unjust enrichment claim, and remand for further proceedings.

### Facts and Procedural Posture

{¶2}    Barger owned a home in the Fairfield Ridge Subdivision. As such, she was a member of the Fairfield Ridge Homeowners Association ("HOA"). The HOA is not a party to this lawsuit. As is customary, Barger was required to pay HOA assessments to cover the costs of operating, maintaining and governing the subdivision. According to Barger's complaint, to sell her house, Barger had to provide the title company a letter certifying the amount of any HOA fees Barger may have owed, or the sale would not have closed. Under the HOA's Declaration, the HOA could levy a "reasonable charge" to provide such certification letters to its members.

{¶3}    The HOA had contracted with EMS to provide certain management services for the HOA. EMS provided Barger with the required certification letter. EMS allegedly charged Barger $395 for the letter, along with a $100 fee to expedite the letter for the closing. According to Barger, other companies typically charged $25 to $50 for this service, making EMS's fee unreasonable. Barger sued EMS on behalf of herself and others similarly situated. In pertinent part, she claimed that the fee breached EMS's management contract with the HOA and the HOA's Declaration, violated the OPCL and the OCSPA, and constituted unjust enrichment.

{¶4}   EMS moved for and was granted dismissal of Barger's complaint under Civ.R. 12(B)(6) for the failure to state a claim upon which relief could be granted.  In a sole assignment of error, Barger contends that the trial court erred, and its judgment must be reversed.

### Standard of Review

{¶5}   We review the granting of a Civ.R. 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.  In so doing, "we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).  We may affirm the trial court's dismissal only if appears "beyond doubt" that Barger can prove no set of facts entitling her to relief. *See id.*  We are also mindful that the complaint should contain "a short, plain statement of the claim," *see* Civ.R. 8(A), and "be simple, concise, and direct," *see* Civ.R. 8(E), and that all pleadings should "be construed as to do substantial justice." *See* Civ.R. 8(F).  In short, Ohio is a notice pleading state.

### Breach of Management Agreement Claim

{¶6}   The HOA delegated a portion of its responsibilities to EMS in a management contract.  Barger contends that she was a third-party beneficiary of the contract, and could therefore sue for breach of its provisions.  This argument fails for two reasons. First, Barger was not an intended beneficiary of the management contract.  Second, even if she was, the contract between the HOA and EMS did not require EMS to provide certification letters to HOA members at a reasonable cost.

{¶7}   "Ohio law * * * requires that for a third party to be an intended beneficiary under a contract, there must be evidence that the contract was intended

3

to directly benefit that third party. Generally, the parties' intention to benefit a third party will be found in the language of the agreement." *Huff v. FirstEnergy Corp.*, 130 Ohio St.3d 196, 2011-Ohio-5083, 957 N.E.2d 3, ¶ 12; *Blue Ash Auto Body, Inc. v. Progressive Cas. Ins. Co.,* 1st Dist. Hamilton No. C-110083, 2011-Ohio-5785. Barger points out that, in its contract with the HOA, EMS agreed to the "maintenance of records and files for individual homeowners," and to collect and account for assessments. This apparently included the responsibility to provide certification letters since EMS provided one here. But this was for the benefit of the HOA, not the homeowners. Further, Barger advances no argument concerning how construing her as a beneficiary would be favorable to the HOA, which was party to the contract. *See Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849*,* 797 N.E.2d 1256, ¶ 14 (where a plaintiff is not a party to a contract, she is not in a position to urge that a contract be strictly construed against a party to it).

{¶8}     Also significant to our analysis is the fact that EMS was never limited by its management agreement with the HOA to furnish the certification letter *at a reasonable cost* to HOA members. Accordingly, there was no breach. Therefore, the breach of management agreement claim was properly dismissed under Civ.R. 12(B)(6).

### *Breach of Declaration Claim*

{¶9}     The obligation to charge a reasonable fee for certification letters was set forth under the HOA's Declaration. As a homeowner, Barger could enforce the Declaration as to the HOA, but the HOA is not a party to this lawsuit. Barger claims that, as the HOA's agent, EMS was automatically bound by the Declaration. EMS was not a party to the Declaration nor, as we have determined, was it bound by its management agreement to abide by the Declaration's reasonable fee requirement.

4

Since it had no obligation to adhere to the Declaration, it could not breach it. Therefore, the trial court correctly dismissed Barger's breach of the HOA's Declaration claim.

## OPCL Claim

{¶10} Barger next argues that the trial court erred in holding that property management services companies are not subject to the OPCL. Barger alleges that the OPCL's purpose is to afford consumer protection to association members, that it is therefore a remedial statute to be broadly construed, and that management companies acting as agents for an HOA are subject to it. Under the OPCL, Barger contends that EMS was required to comply with the HOA's Declaration, and charge a reasonable fee for the certification letter.

{¶11} Assuming arguendo that the OPCL is a remedial statute, even broadly construed the statute applies only to homeowner associations and those with an ownership or possessory interest in a planned community. R.C. 5312.13, "Compliance," states:

> **The owners association and all owners, residents, tenants, and other persons lawfully in possession and control of any part of an ownership interest** shall comply with any covenant, condition, and restriction set forth in any recorded document to which they are subject, and with the bylaws and the rules of the owners association, as lawfully amended. Any violation is grounds for **the owners association or any owner** to commence a civil action for damages, injunctive relief, or both, and an award of court costs and reasonable attorney's fees in both types of action.

(Emphasis added.)

5

{¶12} Thus, the OPCL does not require EMS to comply with the declarations and bylaws of the HOA. *See Roxane Laboratories, Inc. v. Tracy*, 75 Ohio St.3d 125, 127, 661 N.E.2d 1011 (1996) (unambiguous statutes are to be applied according to the plain meaning of the words used).

{¶13} Barger next contends that R.C. 5312.15 gives her the right to sue EMS. In pertinent part, that provision states that the OPCL supplements "any planned community governing document," and in the event of a conflict between the OPCL and the governing document, "the governing document shall control." Barger claims that the HOA's Declaration gives Barger the right to sue EMS under the OPCL because the Declaration "expressly authorizes civil lawsuits to enforce its obligations, without limitation." We have already determined that EMS was not obligated under the Declaration to charge a reasonable fee for a certification letter. The trial court therefore correctly dismissed Barger's OPCL claim.

### Consumer Sales Practices Act Claim

{¶14} Barger also argues that she should be able to pursue her CSPA claim. "The CSPA prohibits unfair or deceptive acts and unconscionable acts or practices by suppliers in consumer transactions * * * ." *Anderson v. Barclay's Capital Real Estate, Inc.*, 136 Ohio St.3d 31, 2013-Ohio-1933, 989 N.E.2d 997, ¶ 8. Barger asserts that she was a "consumer" and the furnishing of the certification letter was a consumer transaction under CSPA. Not so. The CSPA does not apply to collateral services that are solely associated with the sale of real estate and are necessary for a "pure" real estate transaction. *Id.* at ¶ 14. Thus, mortgage loan servicing, appraisal services and title services are not covered by the act. *Anderson* at ¶ 14; *U.S. Bank v. Amir*, 8th Dist. Cuyahoga No. 97438, 2012-Ohio-2772 ¶ 42-43. Certification letters are provided in connection with title services for the closing of the sale of real estate

to ensure a clean title. Pursuant to *Anderson*, we hold that the furnishing of the letter is not covered by the CSPA, and that the trial court correctly dismissed Barger's claim.

### *Unjust Enrichment*

{¶15} Barger alleged, in the alternative as permitted by Civ.R. 8(E)(2), that EMS was unjustly enriched by the fee it charged for the certification letter. To establish a claim of unjust enrichment, Barger needed to plead facts establishing that (1) she conferred a benefit on EMS, (2) EMS was aware of the benefit, and (3) it would be unjust for EMS to retain the benefit. *See Cincy Oil Queen City, LLC v. Lehigh Gas-Ohio,* LLC, 2016-Ohio-4611, 66 N.E.3d 1226, ¶ 19 (1st Dist.).

{¶16} Barger's complaint states that EMS charged an exorbitant and unjustifiable fee (ten to twenty times a typical fee) under circumstances where she had no choice but to pay, i.e.—she had to pay the fee or could not sell her house—and that equity requires EMS to return its ill-gotten gains. Specifically, Barger pleaded, "In order to close on the sale of the Property she had to provide a Certification Letter to the title company." The complaint also alleged, "The furnishing of the Certification Letter is a prerequisite to the closing of the sale or refinancing of a property governed by a HOA. * * * Owners of condominium units or houses in planned communities have no alternative other than obtaining the Certification Letter from the HOA or its agent(s)." Barger "requested the certification letter from EMS, which charged her $495 to provide it." And finally, the complaint alleged that the fee "is totally unrelated to the actual cost of the service it provides" and "is substantially in excess of the price customarily charged by other property management companies * * * ."

{¶17} The trial court incorrectly dismissed this claim on the basis that Barger was not a party to the management agreement between the HOA and EMS, and was also not a third-party beneficiary of it. Thus, the court determined EMS did not breach a duty to Barger by charging an allegedly exorbitant fee for the letter. While this was the proper basis for dismissing Barger's breach of the management agreement claim, Barger's unjust enrichment claim lies outside of that agreement. This claim is sufficiently plead and stands on its own. We therefore reverse that part of the trial court's judgment dismissing Barger's unjust enrichment claim.

### Conclusion

{¶18} Barger's assignment of error is sustained in part and overruled in part. We reverse that part of the judgment dismissing her unjust enrichment claim, and remand this cause for further proceedings. In all other respects, the trial court's judgment is affirmed.

Judgment affirmed in part, reversed in part, and cause remanded.

DETERS, J., concurs.
ZAYAS, P.J., concurs in part and dissents in part.

ZAYAS, P.J., concurring in part and dissenting in part.

{¶19} While I concur with most of the majority's opinion, I would reach a different result on Barger's claim for unjust enrichment.

### Barger Asked EMS Not the HOA For the Certificate

{¶20} The majority states that Barger "had no choice but to pay" EMS because "she had to pay the fee or could not sell her house." However, this is not reflected in the record, and Barger's complaint does not allege that certification letters were not available from the HOA. Barger, as an owner of a lot in Fairfield Ridge Subdivision, was a member of the HOA pursuant to the declarations. Barger

alleges in her complaint that she needed a certification letter to close on the sale of her property and that she requested it from EMS. Barger's complaint does not state why she asked EMS and not the HOA for the letter. Barger's complaint also does not allege that she did not know EMS's fee when she asked for the certification letter. The declarations, the bylaws, and the Ohio Revised Code only bind the HOA or its board to provide certification letters to HOA members and to charge a reasonable fee for the letters.

### Barger Failed to Establish that the Authority to Provide Certification Letters was Delegated to EMS

{¶21} Barger's complaint alleges that under the management contract between the HOA and EMS, EMS "agreed to assume the Board's obligations under the recorded Declaration and to be bound by the terms of the recorded Declaration." However, Barger did not plead any facts to support that the HOA delegated the task of providing certification letters to EMS. Rather, Barger's complaint recites the clauses of the contract outlining the services EMS would perform for a flat fee and services that would be billed at an hourly rate implying certification letters are somehow included. Neither of these sections, however, mention certification letters. While the rest of the management contract specifies which of the HOA's and the board's obligations were delegated to EMS, it does not enumerate the obligation to provide certification letters to EMS. The contract does not address certification letters at all.

{¶22} The majority concedes that the management contract between the HOA and EMS does not specifically delegate the obligation to provide certification letters to EMS, but states, "in its contract with the HOA, EMS agreed to the 'maintenance of records and files for individual homeowners,' and to collect and

9

account for assessments. *This apparently included the responsibility to provide certification letters since EMS provided one here.*" (Emphasis added.) Accordingly, the majority assumes EMS is obligated under the management contract to provide the letter to HOA members, but the complaint contains no factual basis for that assumption. In fact, this assumption actually contradicts paragraph 14 of the contract which provides that there be a single point of contact between the HOA board and EMS, and that EMS would be available to individual members of the HOA only in the event of "extreme emergency." The fact that Barger asked EMS for a certification letter and it provided her with one did not obligate them to charge a "reasonable fee" for it.

### *Unjust Enrichment*

{¶23} Barger alleges that "EMS has been unjustly enriched at the expense of Plaintiff" but unsupported conclusions are not taken as admitted by a motion to dismiss and are not sufficient to withstand such a motion. *Mitchell,* 40 Ohio St.3d at 193, 532 N.E.2d 753; *Richardson v. Clinical Computing P.L.C.,* 2016-Ohio-8065, 69 N.E.3d 754, ¶ 38 (1st Dist.). Barger's complaint only alleges that EMS charged substantially more than other management companies and that the amount was not the actual cost of providing the certification letter. While the majority sets out the elements of unjust enrichment for Barger, unjust enrichment does not lie in situations where there is a "valid but unequal bargain." *Lehigh Gas-Ohio, L.L.C.,* 2016-Ohio-4611, 66 N.E.3d 1226, at ¶ 20-21, citing *Ryan v. Rival Mfg. Co.,* 1st Dist. Hamilton No. C-810032, 1981 WL 10160 (Dec. 16, 1981).

### Standard of Review

{¶24} The majority correctly cites our standard of review on a motion to dismiss. "[W]e must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell,* 40 Ohio St.3d at 192, 532 N.E.2d 753. The majority, however, presumes facts that were not pleaded in Barger's complaint and makes inferences that are not supported by the record. *See Fancher v. Fancher*, 8 Ohio App.3d 79, 83, 455 N.E.2d 1344 (1st Dist.1982) (a complaint must allege facts from which an inference may fairly be drawn); *Munday v. Lincoln Hts.*, 1st Dist. Hamilton No. C-120431, 2013-Ohio-3095 ¶ 28 (a complaint must at least set forth the circumstances entitling the party to relief); *Poole v. Lenzly*, 1st Dist. Hamilton No. C-130141, 2013-Ohio-4148 ¶ 7 (pleading standards may be minimal but they are not meaningless). The majority infers that Barger had no choice but to ask EMS for the certification letter, that she had no choice but to pay EMS's fee, that EMS had a duty to provide certification letters albeit without the requirement of charging a reasonable fee, that because EMS charged more than other companies for certification letters Barger has stated a claim for unjust enrichment, that under these circumstances it would be unjust for EMS to retain the benefit, and "that equity requires EMS to return its ill-gotten gains." None of those facts are pleaded in the complaint.

### Conclusion

{¶25} While it may be true that EMS provided the certification letter for a larger fee than that charged by others, we are ultimately bound by the record and pleadings before us. Taking the facts actually pleaded in Barger's complaint as true and construing them in her favor, Barger fails to state a claim for unjust enrichment, and I would affirm the trial court's dismissal of all of Barger's claims.

Please note:

This court has recorded its own entry on the date of the release of this opinion.