[Cite as *Borthwick v. Dept. of Bldg. & Inspections*, 2022-Ohio-1335.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| RICHARD BORTHWICK, | : | APPEAL NO. C-210315<br>TRIAL NO. A-2101362 |
| Plaintiff-Appellant, | : | |
| vs. | | |
| | : | *O P I N I O N.* |
| DEPARTMENT OF BUILDINGS<br>AND INSPECTIONS, CUNNINGHAM,<br>BRUNNER, TAYLOR, DALBURG, | : | |
| | : | |
| and | : | |
| LITTER AND WEED PATROL<br>EMSLANDER, et al., | : | |
| and | : | |
| OFFICER GIBSON, | : | |
| and | : | |
| DISTRICT 3 POLICE, | : | |
| and | : | |
| HAMILTON COUNTY LAND BANK, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 22, 2022

*Richard Borthwick,* pro se,

*Andrew Garth,* City Solicitor, and *Jacklyn Gonzales Martin,* Assistant City Solicitor, for Defendants-Appellees.



**BOCK, Judge.**

{¶1} Plaintiff-appellant Richard Borthwick appeals the trial court's judgment, which "terminated" his claims against defendants-appellees Department of Buildings and Inspections, Cunningham, Brunner, Dalburg, Litter and Weed Patrol, Emslander, Officer Gibson, District Three Police, and Hamilton County Land Bank (collectively, "city defendants"). Because Borthwick's complaint states no facts upon which he can recover, we affirm the trial court's judgment.

## I. Facts and Procedure

{¶2} Borthwick owns a house located at 1727 Montrose Street ("house") in Cincinnati, Ohio. In April 2021, the house caught fire. Later that day, the city defendants began demolishing the house.

{¶3} Borthwick quickly filed a "Stay of Demolition[,] Demand for Monetary Relief." Borthwick sought $750,000 "for stress, legal fees, and emotional turmoil caused over the last 12 years," "relief from multiple citations by litter and high weed ordinances," "[r]eturn of funds associated with towing of his vehicle from a defunct bus stop where others are allowed to park," "[r]estitution for the discrimination by Officer (G?) Gibson," and "to acquire (land bank lands) that are lands next to adjoining properties."

{¶4} Days later, the trial court held a preliminary injunction hearing with the consent of the parties. Borthwick and the city defendants presented evidence to the court. Following the hearing, the trial court denied injunctive relief because Borthwick was unlikely to succeed on the merits, his harm was not "irreparable," third parties would be harmed, and the public interest weighed against issuing a temporary injunction. In the same entry, the trial court "terminated" his claims for damages because Borthwick "no longer has any viable causes of action."

3

**{¶5}** Borthwick has appealed.

## II. Law and Analysis

**{¶6}** Borthwick, proceeding pro se, raises a single assignment of error. Borthwick does not challenge the trial court's denial of injunctive relief. Rather, he maintains that the trial court erred when it "terminated" his lawsuit.

**{¶7}** We start with the principle that "some leniency toward pro se litigants might be appropriate at times." *Chase Manhattan Mtge. Corp. v. Smith,* 1st Dist. Hamilton No. C-061069, 2007-Ohio-5874, ¶ 30. At the same time, "pro se litigants are bound by the same rules and procedures as" parties represented by counsel. *Kidz Bop LLC v. Broadhead,* 1st Dist. Hamilton No. C-140686, 2015-Ohio-3744, ¶ 13. As an appellate court, "we will consider all cognizable contentions presented but will not create an argument if a pro se litigant fails to develop one." *Marreez v. Jim Collins Auto Body, Inc.,* 1st Dist. Hamilton No. C-210192, 2021-Ohio-4075, ¶ 4. And leniency does "not require courts to conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning." *State ex rel. Karmasu v. Tate,* 83 Ohio App.3d 199, 206, 614 N.E.2d 827 (4th Dist.1992).

**{¶8}** Borthwick challenges the trial court's "termination" of his claims for damages. The trial court, on its own, "terminated" the claims because Borthwick had no "viable causes of action." The trial court essentially dismissed Borthwick's claims for "fail[ing] to state a claim upon which relief can be granted." *See* Civ.R. 12(B)(6). In response, the city defendants maintain that Borthwick obviously could not prevail on the facts alleged in his complaint. We agree.

**{¶9}** While Civ.R. 12(B)(6) makes no reference to a sua sponte dismissal, a trial court may dismiss a complaint on its own accord "only after the parties are given notice of the court's intention to dismiss and an opportunity to respond." *State ex rel.*

4

*Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108, 647 N.E.2d 799 (10th Dist.1995). Dismissing a complaint sua sponte, without notice to the parties or an opportunity to respond, is both unfair and prejudicial. *Robinson v. Vanex Tube Corp.*, 2016-Ohio-268, 58 N.E.3d 430, ¶ 20-21 (11th Dist.), citing *Mayrides v. Franklin Cty. Prosecutor's Office*, 71 Ohio App.3d 381, 383-384, 594 N.E.2d 48 (10th Dist.1991). However, there is an exception to that rule, " 'when the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.' " *Corrado v. Lowe,* 11th Dist. Geauga No. 2014-G-3239, 2015-Ohio-1993, ¶ 22, quoting *State ex rel. Brooks v. O'Malley,* 117 Ohio St.3d 385, 2008-Ohio-1118, 884 N.E.2d 42, ¶ 5.

{¶10} Turning to the complaint, the essence of Borthwick's claims are a series of allegedly malicious actions taken by the city defendants. The nature of his claims is unclear. In Ohio, a complaint must contain "a short and plain statement of the claim showing that the party is entitled to relief and a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A). As best we can tell, Borthwick appears to raise three separate claims for damages—intentional infliction of emotional distress, malicious prosecution, and discrimination. To the extent that the complaint sought permission "to acquire (land bank lands) that are lands next to adjoining properties," this fails to state a claim upon which relief can be granted.

{¶11} Borthwick's factual allegations in support of these claims are difficult to follow. Borthwick promises additional facts in a future addendum. But a complaint is not a placeholder for additional factual allegations that state a claim for relief. Rather, Ohio is a notice pleading state. *Barger v. Elite Mgmt. Servs.,* 2018-Ohio-3755, 119 N.E.3d 953 ¶ 5 (1st Dist.). This requires a concise recitation of the "operative facts sufficient to give 'fair notice of the nature of the action.' " *Ri'Chard v. Bank of Am.,* 1st

Dist. Hamilton No. C-190677, 2020-Ohio-4688, ¶ 8, quoting *Wildi v. Hondros College*, 10th Dist. Franklin No. 09AP-346, 2009-Ohio-5205, ¶ 12.

{¶12} A court considering dismissal under Civ.R. 12(B)(6) "must presume that all factual allegations of the complaint are true, and it must make all reasonable inferences in favor of the nonmoving party." *Zalvin v. Ayers*, 2020-Ohio-4021, 157 N.E.3d 256, ¶ 13 (1st Dist.). But conclusory statements lacking factual support will not suffice. *Id.,* citing *Swint v. Auld,* 1st Dist. Hamilton No. C-080067, 2009-Ohio-6799, ¶ 3; *see Bullard v. McDonald's*, 10th Dist. Franklin No. 20AP-374, 2021-Ohio-1505, ¶ 11 ("The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint.").

{¶13} Here, the complaint alleged that the city defendants engaged in a "pattern of harassment" and that Borthwick has experienced mental anguish and anxiety. We construe this as a claim for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress, Borthwick must allege conduct by the city defendants that was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Mann v. Cincinnati Enquirer*, 1st Dist. Hamilton No. C-090747, 2010-Ohio-3963, ¶ 25, quoting *Yeager v. Local Union 20*, 6 Ohio St.3d 369, 453 N.E.2d 666 (1983), syllabus.

{¶14} Borthwick's complaint contains no set of facts that would entitle him to recover under this claim. Taking the facts in the complaint as true and all inferences in his favor, the city defendants held a hearing on the demolition of his house. His house caught fire and was subsequently demolished. In the process, his ladder and cherry tree sustained damage. This fails to rise to the level of extreme conduct that creates liability for intentional infliction of emotional distress.

6

{¶15} Next, the complaint asks for relief for "citations by litter and high weed ordinances" and damages for towing his vehicle from a defunct bus stop. These claims appear to attempt to state a cause of action for malicious prosecution. A malicious prosecution claim provides " 'a right to recover in tort for the misuse of civil and criminal actions as a means of causing harm.' " *Foley v. Univ. of Dayton,* 150 Ohio St.3d 252, 2016-Ohio-7591, 81 N.E.3d 398, ¶ 14, quoting *Trussell v. Gen. Motors Corp.,* 53 Ohio St.3d 142, 144, 559 N.E.2d 732 (1990). To state a claim for malicious prosecution, Borthwick must allege that the city defendants initiated proceedings with malice and without probable cause, and the proceedings terminated in Borthwick's favor. *Foley* at ¶ 14, quoting *Trussel* at 144. The complaint lists three citations. Without more, Borthwick cannot prevail on these facts.

{¶16} Next, the complaint sought restitution for discrimination by Officer Gibson. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution forbids official conduct that invidiously discriminates on the basis of race. The selective enforcement of a law violates the Equal Protection Clause when it is "applied and administered by public authority with an evil eye and unequal hand, so as to practically make unjust and illegal discriminations between persons in similar circumstances." *Yick Wo v. Hopkins,* 118 U.S. 356, 374, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). To succeed on a selective-enforcement claim, Borthwick must have alleged discriminatory conduct traceable to a racially discriminatory purpose. *See Batson v. Kentucky,* 476 U.S. 79, 93, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), quoting *Washington v. Davis,* 426 U.S. 229, 240, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). The complaint contained no factual allegations in support. With no factual allegations in support of his claim, Borthwick failed to state a claim for discrimination. *See Ri'Chard,* 1st Dist. Hamilton No. C-190677, 2020-Ohio-4688, at ¶ 8.

7

**{¶17}**   Therefore, we overrule Borthwick's sole assignment of error.

### III. <u>Conclusion</u>

**{¶18}**    The trial court did not err when it "terminated" Borthwick's complaint because Borthwick failed to present any cognizable claims for relief. Accordingly, we affirm the judgment of the trial court.

Judgment affirmed.

**BERGERON, P.J.,** and **WINKLER, J.,** concur.