[Cite as *Gipson v. Hamilton Cty. Clerk of Courts*, 2024-Ohio-848.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TIMOTHY GIPSON, | : | APPEAL NO. C-230364 |
| | | TRIAL NO. A-2300725 |
| Plaintiff-Appellant, | : | |
| and | : | *O P I N I O N.* |
| JULIE GIPSON, | : | |
| Plaintiff, | : | |
| vs. | : | |
| HAMILTON COUNTY CLERK OF COURTS, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 8, 2024

*Timothy Gipson*, pro se,

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *James S. Sayre*, Assistant Prosecuting Attorney, for Defendant-Appellee.

**ZAYAS, Judge.**

{¶1}     Plaintiff-appellant Timothy Gipson ("Gipson") appeals the judgment of the Hamilton County Court of Common Pleas dismissing his complaint. He argues that the trial court erred in dismissing the complaint before providing him with notice of its intent to dismiss. For the reasons that follow, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶2}     On February 21, 2023, Timothy and Julie Gipson ("plaintiffs") filed a complaint against defendant-appellee Hamilton County Clerk of Courts ("the clerk"). The complaint asserted that the plaintiffs were suing the clerk for "Tort-C360," pursuant to R.C. 2921.01 to 2921.45. In essence, the allegations in the complaint appear to allege that the clerk failed to properly enter certain information—case numbers and documentary evidence—into the system and, as a result, a certain inmate was released from custody early, allowing the inmate to continue his "torture" of plaintiffs as victims. The complaint seeks $40 million for various alleged damages.

{¶3}     On April 19, 2023, the clerk filed a motion for leave to file a motion to dismiss, asserting good cause for the late filing. The motion for leave included the complete motion to dismiss—seeking dismissal for failure to state a claim—and a certificate of service indicating that the motion was served on the plaintiffs via regular mail at the address listed in the complaint. In response, plaintiffs filed a "motion to stay connected," asserting arguments in opposition to the clerk's motion for leave and in support of the complaint.

{¶4}     On May 10, 2023, the trial court entered an order granting the motion for leave and deeming the motion to dismiss filed. The order indicated that the plaintiffs would have until May 29 to file a response to the motion to dismiss. There

is no indication in the docket that this order was ever served on the parties. After no response was subsequently filed, the trial court granted the motion to dismiss on June 14, finding that the complaint failed to state a claim for relief where the statutes cited in the complaint are criminal statutes that do not confer any private right of action. Gipson now appeals.

## II. Law and Analysis

{¶5} This court reviews a trial court's dismissal of a complaint under Civ.R. 12(B)(6) de novo. *Napier v. TriHealth, Inc.*, 1st Dist. Hamilton No. C-220009, 2022-Ohio-3311, ¶ 4.

{¶6} The complaint asserts that a cause of action exists against the clerk "pursuant to R.C. 2921.01 to 2921.45." Yet, based on a review of the specified statutes and the facts asserted in the complaint, this court fails to see any cognizable cause of action arising from the complaint.[1]

{¶7} Nevertheless, Gipson points to Civ.R. 41(B)(1) and argues that the trial court erred in dismissing the complaint without providing notice of the trial court's intent to dismiss the cause. The clerk counters that the motion to dismiss was filed in writing and served on the plaintiffs.

{¶8} We acknowledge that the trial court's entry granting the clerk's motion for leave to file the motion to dismiss was never served on the parties. We also acknowledge the trial court's dismissal was at the request of the clerk in this case. Nevertheless, we hold that any potential error arising from lack of notice of the court's entry was harmless where the trial court would have been permitted to sua sponte

---

[1] We note that, although R.C. 2921.03(C) and 2921.13(G)—two statutes within the range specified by the plaintiffs—do allow for general civil liability for a violation, neither statute is applicable to the instant case based on the facts asserted in the complaint.

dismiss the complaint—without notice—where it is obvious that the plaintiffs cannot prevail on the facts alleged in the complaint. *Borthwick v. Dept. of Bldgs. & Inspections*, 1st Dist. Hamilton No. C-210315, 2022-Ohio-1335, ¶ 9, quoting *Corrado v. Lowe*, 11th Dist. Geauga No. 2014-G-3239, 2015-Ohio-1993, ¶ 22 (stating an exception to the general notice requirement, which allows a trial court to dismiss a complaint sua sponte and without notice " ' "when the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." ' "). Accordingly, we must overrule the assignment of error.

### III. Conclusion

{¶9}     Having overruled the sole assignment of error, we affirm the judgment of the trial court.

Judgment affirmed.

**BOCK, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its own entry this date.