[Cite as *Berman v. Minnesota Lawyers Mut. Ins. Co.*, 2025-Ohio-3147.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOHN BERMAN,                                    :

    Plaintiff-Appellant,            :

                             No. 114676

    v.                              :

MINNESOTA LAWYERS MUTUAL            :
INSURANCE COMPANY,

                                :

    Defendant-Appellee.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 4, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-103008

---

### *Appearances:*

John Berman, *pro se.*

Gallagher Sharp LLP, Lori E. Brown, and Richard C.O. Rezie, *for appellee.*

---

MICHAEL JOHN RYAN, P.J.:

{¶ 1} Pro se plaintiff-appellant John Berman appeals the trial court's dismissal of his complaint against Minnesota Lawyers Mutual Insurance Company ("MLM"). We affirm.

{¶ 2} In August 2024, Berman filed a complaint against MLM alleging extortion and seeking a declaratory judgment as to MLM's right of subrogation. The allegations in the complaint emanated from his position as a beneficiary of a trust; litigation surrounding the trust has been ongoing in several states since at least 2013. As to MLM, a Maryland court found that the insurer was entitled to recover attorney fees and costs it incurred while defending its insured, the trustee of the trust, against claims brought by Berman. *See Berman v. Modell,* 2021 Md. App. LEXIS 13 (Ct.Spec.App. Jan. 6, 2021).

{¶ 3} In response to Berman's complaint, MLM filed a motion to dismiss pursuant to Civ.R. 12(B)(2) and (6), arguing that the trial court lacked personal jurisdiction and the complaint should be dismissed for failure to state a claim upon which relief could be granted. The motion was unopposed and granted.

{¶ 4} Berman now appeals.[1]

{¶ 5} Berman first argues that the trial court erred when it dismissed his complaint without allowing him to amend the complaint.

{¶ 6} Civ.R 15(A) allows a plaintiff to amend the complaint "as a matter of course" within 28 days of service of the complaint, or 28 days of service of a motion

---

[1] Berman's brief fails to conform to App.R. 16. App.R. 16(A) governs the brief of the appellant and sets forth what an appellant's brief must contain. The rule states that an appellant "shall include in its brief . . . [a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." App.R. 16(A)(3).

Berman does not provide this court with a statement of his assignments of error. We can glean from his briefs, however, the arguments he makes. We will review his claims noting that cases are best decided on their merits.

to dismiss. Civ.R. 15(A) favors a liberal policy; however, there is no unconditional or absolute right to amend a complaint once the time specified in Civ.R. 15(A) has passed. *Weiler v. Osborn Eng. Co.*, 2023-Ohio-619, ¶ 20 (8th Dist.), citing *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120 (1991) and *Franciscan Communities, Inc. v. Rice*, 2021-Ohio-1729 (8th Dist.).

{¶ 7} Berman contends that, pursuant to *Osborn*, the trial court erred when it did not allow him to amend his complaint. In *Osborn*, this court reversed the trial court's decision that granted the defendant's motion for judgment on the pleadings, finding that the plaintiff complied with Civ.R. 15(A) in filing his amended complaint. The same cannot be said in this case.

{¶ 8} The record reflects that Berman filed his complaint on August 29, 2024. On October 31, 2024, MLM answered by way of filing its motion to dismiss. It appears that Berman attempted to e-file an amended complaint on November 14, 2024, which was within the 28-day time window, but the filing was rejected by the Cuyahoga County Clerk of Courts because the attachment could not be opened or was corrupted. In a letter dated November 15, 2024, Berman wrote to the court informing the court that his first amended complaint had been rejected. Importantly, in the letter, Berman did not seek leave to plead or otherwise ask for an extension of time to file his amended complaint. He also never attempted to refile his amended complaint. Therefore, because the trial court was never in receipt of Berman's amended complaint, the court could not have considered the pleading.

{¶ 9} Berman next claims that the trial court was required to give him notice under Civ.R. 41(B)(1) that the case could be dismissed. He futher claims that the trial court erred in dismissing his complaint without providing reasons for the dismissal.

{¶ 10} Berman's arguments focus solely on the procedure the trial court used to dismiss his complaint; he makes no substantive argument as to *why* the motion to dismiss should not have been granted. "While we afford pro se litigants leeway in putting forth legal arguments, we do not absolve these litigants of their burden to put forth a cognizable argument, nor will we create arguments on their behalf." *State v. Haigh*, 2025 Ohio App. LEXIS 2289, *1 (1st Dist. July 2, 2025), citing *Borthwick v. Dept. of Bldgs. & Inspections*, 2022-Ohio-1335, ¶ 7 (1st Dist.). As such, we will address Berman's procedural claims but decline to review the merits of the trial court's decision to grant MLM's motion to dismiss.

{¶ 11} As to Berman's first claim, he argues that the trial court was required to give him notice of the dismissal under Civ.R. 41(B)(1) prior to dismissing the case. Civ.R. 41(B)(1) governs dismissal for a failure to prosecute. It states, "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

{¶ 12} MLM's motion to dismiss was premised on Civ.R. 12(B)(2) (lack of personal jurisdiction) and Civ.R. 12(B)(6) (failure to state a claim); MLM did not ask the court to dismiss the complaint due to a failure to prosecute. The trial court's

order granting the motion to dismiss did not indicate that it was granting the motion due to a failure to prosecute.

{¶ 13} Moreover, even if the court had granted the motion to dismiss for a failure to prosecute the case, Berman was placed on notice that the case could be dismissed. "The notice requirement of Civ.R. 41(B)(1) is satisfied 'when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal.'" *Norris v. Greater Cleveland Regional Transit Auth.*, 2022-Ohio-3552, ¶ 26 (8th Dist.), citing *Walker v. Cleveland Clinic Found.*, 2009-Ohio-2261, ¶ 7 (8th Dist.). Furthermore, "[w]hen a defendant files a motion to dismiss for want of prosecution, and the court affords the plaintiff the opportunity to respond, the notice requirement of Civ.R. 41(B)(1) is met." *Walker* at ¶ 10, citing *Shafron v. Erie Rd. Dev. Co.*, 2008-Ohio-3813, ¶ 15 (8th Dist.); s*ee also Sazima v. Chalko*, 86 Ohio St.3d 151, 156 (1999) (a pending motion to dismiss was sufficient to put the plaintiff on implied notice of an impending dismissal).

{¶ 14} Therefore, Berman's claim is not well founded.

{¶ 15} Next, Berman argues that the trial court abused its discretion in granting the motion to dismiss without stating why it was granting the motion.

{¶ 16} Berman points to no authority that requires a trial court to explain its reasoning when deciding a motion to dismiss, and a trial court has no duty to issue findings of facts or conclusions of law when deciding Civ.R. 12 motions. *See* Civ.R. 52 (findings of fact and conclusions of law are unnecessary upon motions made pursuant to Civ.R. 12). *See also State ex rel. Drake v. Athens Cty. Bd. of*

*Elections*, 39 Ohio St.3d 40, 41 (1988) (holding that when a court dismisses a complaint pursuant to Civ.R. 12(B)(6), it makes no factual findings beyond its legal conclusion that the complaint fails to state a claim upon which relief can be granted; thus, the court has no duty to issue findings of fact and conclusions of law).

{¶ 17} Berman's second claim is also without merit.

{¶ 18} "It is not the duty of this [c]ourt to scour the record for evidence and construct an argument on an appellant's behalf." *In re E.G.*, 2017-Ohio-2584, ¶ 27 (9th Dist.); *see also Story v. Story*, 2021-Ohio-2439, ¶ 30 (8th Dist.) (An appellate court is not obligated to construct or develop arguments for an appellant or to guess at undeveloped claims.). Berman limited his arguments on appeal to claiming that the trial court was required to provide him notice under Civ.R. 41(B)(1) and abused its discretion when it granted MLM's motion without stating its reasons. We find no merit to these claims; therefore, Berman's assignments of error are overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
KATHLEEN ANN KEOUGH, J., CONCUR