[Cite as *Ri'chard v. Bank of Am.*, 2020-Ohio-4688.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ANGEL RI'CHARD, | : | APPEAL NO. C-190677 |
| | | TRIAL NO. A-1903468 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| BANK OF AMERICA, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  September 30, 2020

*Angel Ri'Chard*, pro se,

*Jessica M. Johnson*, *Bryan T. Kostura* and *McGlinchey Stafford*, for Defendant-Appellee.

**ZAYAS, Judge.**

{¶1} Plaintiff-appellant Angel Ri'Chard appeals the judgment of the Hamilton County Court of Common Pleas, which dismissed her complaint against defendant-appellee Bank of America under Civ.R. 12(B)(6). For the following reasons, we reverse the trial court's judgment.

## I. Facts and Procedural History

{¶2} On July 23, 2019, Ri'Chard, acting pro se, filed a complaint for breach of contract against Bank of America. She alleged that Bank of America was the lienholder for a vehicle on which she was making payments. Her complaint stated that she was "unable to drive or use [her] vehicle in any capacity" because Bank of America had lost the title to her car. Ri'Chard alleged that she continued to make car payments and pay for car insurance for seven months even though she was unable to use her vehicle during that time. Ri'Chard sought damages for costs and fees that she paid, including seven months of car payments and car insurance payments as well as duplicate title fees and "lien fees."

{¶3} Bank of America filed a motion to dismiss pursuant to Civ.R. 12(B)(6). It argued that Ri'Chard's complaint failed to describe any alleged contract with Bank of America, and that no contract or other documentation was attached to her complaint to put Bank of America on notice as to what contract she was referring to. Ri'Chard opposed the motion to dismiss and attached several documents to her filing. Bank of America filed a reply, arguing that the court could not consider Ri'Chard's attachments in ruling on its motion to dismiss.

{¶4} Following a hearing, the trial court granted Bank of America's motion to dismiss on November 14, 2019. Ri'Chard now appeals.

## II. Analysis

{¶5} In a single assignment of error, Ri'Chard argues that the trial court erred in granting Bank of America's motion to dismiss under Civ.R. 12(B)(6). In support of her argument, Ri'Chard maintains that Bank of America, as a lienholder, breached part of its agreement with her by losing the title to her vehicle.

### A. Standard of Review

{¶6} We apply a de novo standard of review to the trial court's dismissal of a complaint under Civ.R. 12(B)(6). *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶7} A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). For a court to dismiss on this basis, "it must appear beyond a doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. Significantly, the court must accept the factual allegations contained in the complaint as true and draw all reasonable inferences from these facts in favor of the plaintiff. *Centennial Plaza III Invest., L.L.C. v. Centennial Plaza I Invest., L.L.C.*, 1st Dist. Hamilton No. C-150257, 2016-Ohio-273, ¶ 12. "[A] court's factual review is confined to the four corners of the complaint." *Dabney v. Metro Appraisal Group, Inc.*, 8th Dist. Cuyahoga No. 106917, 2018-Ohio-4601, ¶ 15. In other words, the court cannot rely on evidence or allegations outside of the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997).

## B. Breach of Contract

{¶8} We first note that under the Ohio Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the party is entitled to relief." Civ.R. 8(A). The complaint "need not state with precision all elements that give rise to a legal basis for recovery as long as fair notice of the nature of the action is provided." *Fancher v. Fancher*, 8 Ohio App.3d 79, 83, 455 N.E.2d 1344 (1st Dist.1982). "Notice pleading" under Civ.R. 8(A) and 8(E) requires that a claim concisely set forth only those operative facts sufficient to give "fair notice of the nature of the action." (Internal citations omitted.) *Wildi v. Hondros College*, 10th Dist. Franklin No. 09AP-346, 2009-Ohio-5205, ¶ 12. That is, the complaint must "contain allegations from which an inference may fairly be drawn that evidences the material parts introduced at trial." *Fancher* at 83.

{¶9} A plaintiff must establish four elements in order to recover on a claim for breach of contract: (1) the existence of a binding contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages resulting from the breach. (Internal citations omitted.) *Dabney* at ¶ 17.

{¶10} Here, Ri'Chard alleged the existence of a contract in the first sentence of her complaint: "Bank of America has breached the contract with myself." She then includes operative facts to describe the contract to which she is referring: "[Bank of America] lost the title to my vehicle," "[Bank of America is] threatening me with fees" including "a lien release fee," and "[Bank of America is] threatening me by saying [that] I now have to pay the car off in full." It is a reasonable inference that Ri'Chard was alleging the breach of a car loan agreement.

**{¶11}** Ri'Chard also alleged the performance of her contractual obligations, explaining that she "paid insurance for a vehicle [Bank of America] is causing [her] not to use" and that she paid car payments and car insurance payments for seven months despite not being able to use her vehicle. Ri'Chard alleged Bank of America's breach by stating that it lost the title to her vehicle, and therefore she has been unable to drive or use her vehicle in any capacity for seven months. Finally, in the last paragraph of her complaint, Ri'Chard alleged damages resulting from the breach:

> We, as myself am seeking full restitution of all costs [and] fees I have paid. Including the [seven] months of past car payments and insurance. The duplicate title and lien fees. The complete wash or surrender of the vehicle. Allowing me to walk away from their threats [and] any further damages from them.

**{¶12}** Accordingly, viewing the allegations in the complaint in a light most favorable to Ri'Chard and drawing reasonable inferences, we find that her pleadings, while inartful, were adequate as to her cause of action.

### III. Conclusion

**{¶13}** For the foregoing reasons, we sustain Ri'Chard's sole assignment of error. The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion and the law.

Judgment accordingly.

**MYERS** and **CROUSE, JJ.,** concur.

Please note:

> The court has recorded its own entry on the date of the release of this opinion.