[Cite as *Holimon v. Cincinnati Metro. Hous. Auth.*, 2021-Ohio-3840.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| GAIL ANN HOLIMON, Individually and as Administratrix of the Estate of Corey L. Holimon, deceased, | : | APPEAL NO. C-210203 TRIAL NO. A-2003672 |
| | : | |
| Plaintiff-Appellee, | : | *O P I N I O N.* |
| vs. | : | |
| SONIKA SHARMA, | : | |
| Defendant-Appellee, | : | |
| and | : | |
| CINCINNATI METROPOLITAN HOUSING AUTHORITY, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  October 29, 2021

*Clements, Taylor & Cohen, LPA Co.*, and *Edward Cohen*, for Plaintiff-Appellee,

*Markesbery & Richardson, Co. LPA, Glenn A. Markesbery* and *Barry A. Rudell, II*, for Defendant-Appellee,

*Adams Law, PLLC*, and *Jeffrey C. Mando*, for Defendant-Appellant.

**MYERS, Judge.**

**{¶1}** Defendant-appellant the Cincinnati Metropolitan Housing Authority ("CMHA") appeals the trial court's judgment denying its motion to dismiss the claims brought against it in a complaint filed by plaintiff-appellee Gail Ann Holimon, as the administratrix of the estate of Corey L. Holimon.

**{¶2}** Because CMHA was entitled to a grant of immunity on Holimon's claims under R.C. Chapter 2744, we hold that the trial court erred in denying the motion to dismiss, and we reverse its judgment.

### *Allegations and Procedural Background*

**{¶3}** Holimon participated in CMHA's Housing Choice Voucher program. Through this program, Holimon, along with her sons Corey and Kevin, moved into a residence owned by Sonika Sharma. CMHA facilitated the lease and paid a majority of Holimon's rent. Holimon was responsible for a smaller portion of the rent as well as payment for utilities.

**{¶4}** According to her complaint, after moving into Sharma's property in December of 2017, Holimon observed black mold around a drain in the bathroom shower. Holimon alleges that she raised several complaints about the mold, but the problem was not remedied. Corey, who had preexisting pulmonary health problems, developed more severe pulmonary symptoms and was hospitalized for a short period soon after moving into the residence. Corey was hospitalized for a second time in March of 2018 when his symptoms continued to worsen. He was transferred to a long-term care facility, where he passed away in October of 2018.

{¶5} Holimon filed suit against CMHA and Sharma, alleging that their negligence and/or recklessness in failing to remove the mold caused Corey to develop severe pulmonary problems and ultimately caused his death. The complaint additionally asserted claims of loss of consortium and negligence per se for a violation of Section 5(B) of Cincinnati Board of Health Regulation 00053. CMHA filed a Civ.R. 12(B)(6) motion to dismiss, arguing that it was immune from liability under R.C. 2744.02. Holimon filed a memorandum in opposition to CMHA's motion to dismiss, as well as a supporting affidavit from Holimon.

{¶6} The trial court denied the motion to dismiss, stating in its entry that "[t]he Court has reviewed the submitted briefs and considered the relevant law. In full consideration the Court finds said motion not well taken and DENIES the same."

{¶7} CMHA now appeals, arguing in a single assignment of error that the trial court erred in denying its motion to dismiss.

### *Standard of Review*

{¶8} We review de novo a trial court's ruling on a Civ.R. 12(B)(6) motion to dismiss. *Elliot v. Durrani*, 1st Dist. Hamilton No. C-180555, 2021-Ohio-3055, ¶ 7. Under Civ.R. 12(B)(6), all factual allegations in the complaint must be accepted as true and all reasonable inferences must be drawn in favor of the nonmoving party. *ISCO Industries, Inc. v. Great Am. Ins. Co.*, 2019-Ohio-4852, 148 N.E.3d 1279, ¶ 10 (1st Dist.). "A complaint should not be dismissed for failure to state an actionable claim unless it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *Thomas v. Othman*, 2017-Ohio-8449, 99 N.E.3d 1189, ¶ 19 (1st Dist.).

{**¶9**}    Holimon suggests that CMHA's motion to dismiss was converted into a motion for summary judgment because the trial court considered matters outside of the complaint when ruling on the motion, specifically the affidavit that Holimon filed in support of her response to the motion to dismiss.  We disagree.  Nothing in the trial court's entry indicates that it relied on Holimon's affidavit when ruling on the motion.  *See Wong v. CCH Dev. Corp.*, 8th Dist. Cuyahoga No. 109472, 2021-Ohio-1099, ¶ 13.  And, it would have been improper to do so unless the trial court gave the parties notice that it was converting the motion to dismiss into a motion for summary judgment and gave them the opportunity to present evidence in accordance with Civ.R. 56(C).  *See* Civ.R. 12(B); *State ex rel. Banker's Choice, LLC v. Cincinnati*, 1st Dist. Hamilton No. C-200017, 2020-Ohio-6864, ¶ 13.  The trial court gave no such notice.  We accordingly treat the trial court's ruling as a ruling on a motion to dismiss, and we employ a de novo standard of review.

### *R.C. Chapter 2744 and Immunity*

{**¶10**}  R.C. Chapter 2744 contains a three-tiered analysis to determine whether a political subdivision is immune from liability.  *Steele v. Cincinnati,* 1st Dist. Hamilton No. C-180593, 2019-Ohio-4853, ¶ 17.  First, R.C. 2744.02(A)(1) provides a political subdivision with a general grant of immunity for damages in a civil action resulting from any act or omission of a political subdivision or employee in connection with a governmental or proprietary function.  Second, R.C. 2744.02(B) sets forth various exceptions that, if applicable, remove the initial grant of immunity accorded to a political subdivision.  And third, if an exception was applied to remove immunity, R.C. 2744.03 contains various defenses that, if applicable, reinstate immunity to the political subdivision.

4

**{¶11}** As a political subdivision, CMHA was accorded an initial grant of immunity pursuant to R.C. 2744.02(A)(1). *Dornal v. Cincinnati Metro. Hous. Auth.*, 1st Dist. Hamilton No. C-100172, 2010-Ohio-6236, ¶ 5. So we next consider whether any of the exceptions contained in R.C. 2744.02(B) apply to remove that grant of immunity.

**{¶12}** R.C. 2744.02(B) provides that:

Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:

(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority.

\* \* \*

(2) Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.

(3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to

5

person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads[.] * * *

(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.

(5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code. * * *.

{¶13} The exceptions contained in R.C. 2744.02(B)(1), (3), and (5) are clearly inapplicable in this case, where the facts alleged in the complaint involve the presence of mold in a privately-owned house involved in CMHA's Housing Choice Voucher program. That leaves only subsections (B)(2) and (B)(4) as possibly applicable.

{¶14} The exception to immunity set forth in R.C. 2744.02(B)(2) involves the negligent performance of acts by employees of a political subdivision with respect to a proprietary function of the political subdivision. The immunity analysis in R.C.

Chapter 2744 distinguishes between governmental and proprietary functions. R.C. 2744.01(C)(1) provides that a governmental function is:

> (a) A function that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement; (b) A function that is for the common good of all citizens of the state; [or] (c) A function that promotes or preserves the public peace, health, safety, or welfare; that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons; and that is not specified in division (G)(2) of this section as a proprietary function.

In contrast, a proprietary function is one that is not described as a governmental function in R.C. 2744.01(C)(1)(a) or (b) or specified as a governmental function in (C)(2), and "is one that promotes or preserves the public peace, health, safety, or welfare and that involves activities that are customarily engaged in by nongovernmental persons." R.C. 2744.01(G)(1).

{¶15} Both the Supreme Court of Ohio and this court have held that "[t]he operation of a public housing authority is a governmental function." *Moore v. Lorain Metro. Hous. Auth.,* 121 Ohio St.3d 455, 2009-Ohio-1250, 905 N.E.2d 606, syllabus; *see Dornal,* 1st Dist. Hamilton No. C-100172, 2010-Ohio-6236, at ¶ 8. Because CMHA was engaging in a governmental, rather than a proprietary function, the exception contained in R.C. 2744.02(B)(2) does not apply to remove immunity.

{¶16} The exception set forth in R.C. 2744.02(B)(4) is likewise inapplicable. This exception concerns the negligence of an employee of a political subdivision that occurs within or on the grounds of buildings used in connection with the

performance of a governmental function. The residence rented by Holimon was owned by Sharma, not CMHA. In *Dornal*, a case involving a home involved in CMHA's Housing Choice Voucher program that was alleged to be contaminated with lead, we held that the private residence where the lead was found was not a building used in connection with the performance of a governmental function. *Dornal* at ¶ 13-14. Recognizing that "R.C. 2744.02(B)(4) reflects a legislative intent to restrict a political subdivision's liability to losses or injuries that occur in government buildings or on their grounds," we held that "[t]he performance of a governmental function at a privately owned facility does not transform that building into one that is 'used in connection with the performance of a governmental function.' " *Id.* at ¶ 13-14. Because the home involved in this case was privately owned, the exception set forth in R.C. 2744.02(B)(4) is inapplicable.

{¶17} Taking the allegations of the complaint as true, we find that CMHA was entitled to political-subdivision immunity. Holimon's complaint therefore failed to state a claim upon which relief could be granted against CMHA, and the trial court erred in denying CMHA's motion to dismiss. CMHA's assignment of error is sustained.

### *Conclusion*

{¶18} The trial court erred in denying CMHA's motion to dismiss because CMHA was immune from liability. The judgment of the trial court is reversed, and this cause is remanded for the trial court to dismiss the complaint as to CMHA and for further proceedings consistent with this opinion.

Judgment reversed and cause remanded.

**ZAYAS, P.J.,** and **BOCK, J.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.