[Cite as *Fox Consulting Group, Inc. v. Mailing Servs. of Pittsburgh, Inc.*, 2022-Ohio-1215.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| FOX CONSULTING GROUP, INC., o/a SCHOOLEY MITCHELL TELECOM CONSULTANTS, | : | APPEAL NO. C-210250 TRIAL NO. A-2001289 |
|  | : |  |
| Plaintiff-Appellant, | : | *O P I N I O N.* |
| vs. | : |  |
| MAILING SERVICES OF PITTSBURGH, INC., | : |  |
| Defendant-Appellee. | : |  |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: April 13, 2022

*Rendigs, Fry, Kiely & Dennis, LLP, Donald C. Adams* and *James J. Englert*, for Plaintiff-Appellant,

*Brickler & Eckler LLP* and *Jeffrey P. McSherry*, for Defendant-Appellee.

**MYERS, Presiding Judge.**

{¶1}    Plaintiff-appellant Fox Consulting Group, Inc., operating as Schooley Mitchell Telecom Consultants ("Fox") appeals the trial court's judgment granting defendant-appellee Mailing Services of Pittsburgh, Inc.'s, ("MSP") Civ.R. 12(B)(6) motion to dismiss Fox's complaint for breach of contract and quantum meruit/unjust enrichment.  Because the trial court failed to accept all allegations in Fox's complaint as true, and because it erred in determining that Fox failed to sufficiently allege that MSP breached the parties' contract, we hold that the trial court erred in granting the motion to dismiss with respect to Fox's breach-of-contract claim, and we reverse its judgment in part.  We hold, however, that the trial court properly dismissed Fox's claim for quantum meruit/unjust enrichment because the subject matter of that claim was covered by the parties' contract.

### Allegations and Procedural Background

{¶2}    In September 2018, Fox and MSP entered into a contract under which MSP authorized Fox to review its telecommunications systems and to submit recommendations for possible savings.  Under the contract, MSP agreed to pay Fox 50 percent of all savings realized as a result of MSP's acceptance of any recommendation made by Fox, for a period of 36 months from the date of implementation of the accepted recommendation.  The contract prohibited MSP from negotiating with other consultants or suppliers prior to Fox's submission of cost-savings recommendations and prohibited MSP from negotiating alternate pricing with other suppliers during the term of the contract.  The contract provided: "Once this agreement is signed, any client savings realized shall be attributed as a [Fox] initiative."  In addition, the contract provided: "The Client warrants that they will not duplicate the work carried out by [Fox], nor will the Client negotiate alternate pricing for telecom services during the term of the agreement."

2

{¶3}    In January 2019, Fox submitted a recommendation for savings, which MSP accepted.

{¶4}    In March 2020, Fox filed suit against MSP for breach of contract, quantum meruit/unjust enrichment, and declaratory relief. MSP filed a Civ.R. 12(B)(6) motion to dismiss the complaint for failure to state a claim upon which relief could be granted. The trial court granted MSP's motion and dismissed the action.

{¶5}    In a single assignment of error, Fox argues that the trial court erred by failing to apply the proper standard in deciding the Civ.R. 12(B)(6) motion and by dismissing the action. Fox does not challenge on appeal the trial court's dismissal of its claim for declaratory relief.

### Standard of Review

{¶6}    A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of a complaint. *Thomas v. Othman*, 2017-Ohio-8449, 99 N.E.3d 1189, ¶ 18 (1st Dist.). When deciding such a motion, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Id.* A court should not dismiss a claim for failure to state an actionable claim unless it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery. *Id.* at ¶ 19.

{¶7}    The Supreme Court of Ohio has explained that under the notice-pleading standard set forth in the Ohio Rules of Civil Procedure, "a plaintiff is not required to prove his or her case at the pleading stage." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144-145, 573 N.E.2d 1063 (1991). Therefore, a court may not grant a motion to dismiss if the complaint sets forth factual allegations that if proved would allow the plaintiff to recover. *Id.* at 145. We review a trial court's ruling

on a Civ.R. 12(B)(6) motion de novo. *Holimon v. Sharma*, 2021-Ohio-3840, 180 N.E.3d 1226, ¶ 8 (1st Dist.).

### *Breach of Contract*

{¶8} The elements of a breach-of-contract claim are: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages resulting from the breach. *White v. Pitman*, 2020-Ohio-3957, 156 N.E.3d 1026, ¶ 37 (1st Dist.). In support of its breach-of-contract claim, Fox alleged the existence of a contract, and pursuant to Civ.R. 10(D)(1), attached to its complaint copies of the signed contract and the recommendation for savings accepted by MSP. Second, Fox alleged that it performed under the contract by expending "significant time, cost, and effort in developing recommendations for savings, which were accepted by [MSP]." Third, Fox alleged that MSP breached the contract by negotiating alternate pricing from different suppliers for telecommunications services. Finally, Fox alleged that it was entitled to 50 percent of the savings realized by MSP as a result of its implementation of Fox's recommendations or its separate negotiations with other suppliers. The trial court was required to accept Fox's factual allegations as true and draw all reasonable inferences in its favor. *See id.* at ¶ 39.

{¶9} Instead, the trial court determined that Fox "failed to present any proof that [MSP] utilized a third party to implement any of its cost saving recommendations." In doing so, the court failed to accept as true the allegation in Fox's complaint that MSP "chose to negotiate alternate pricing from different vendors for telecom services, which when implemented, will result in savings for [MSP]." Viewing the allegations in the complaint in the light most favorable to Fox, we hold that Fox sufficiently stated a cause of action for breach of contract, and the trial court erred in concluding otherwise. *See Ri'Chard v. Bank of Am.*, 1st Dist Hamilton No. C-

4

190677, 2020-Ohio-4688, ¶ 12. Therefore, the trial court erred by dismissing that claim.

### *Quantum Meruit/Unjust Enrichment*

{¶10} Claims for quantum meruit and unjust enrichment are equitable claims based on quasi-contract and their elements are identical. *See City of Akron v. Baum*, 9th Dist. Summit No. 29882, 2021-Ohio-4150, ¶ 17. A plaintiff seeking to recover under quantum meruit or unjust enrichment must show that: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant knew of the benefit; and (3) it would be unjust to allow the defendant to retain the benefit without payment. *Meyer v. Chieffo*, 193 Ohio App.3d 51, 2011-Ohio-1670, 950 N.E.2d 1027, ¶ 37 (10th Dist.). "The doctrines differ with respect to the calculation of damages—damages for unjust enrichment are 'the amount the defendant benefited,' while damages for quantum meruit are 'the measure of the value of the plaintiff's services, less any damages suffered by the other party.' " *Id.*, quoting *U.S. Health Practices, Inc. v. Blake,* 10th Dist. Franklin No. 00AP-1002, 2001 Ohio App. LEXIS 1291, *5 (Mar. 22, 2001).

{¶11} Because claims for unjust enrichment or quantum meruit are equitable claims based on a quasi-contract, they are only available in the absence of an enforceable contract. *Deffren v. Johnson*, 2021-Ohio-817, 169 N.E.3d 270, ¶ 10 (1st Dist.), citing *Ryan v. Rival Mfg. Co.*, 1st Dist. Hamilton No. C-810032, 1981 Ohio App. LEXIS 14729, *3 (Dec. 16, 1981); *Zara Constr., Inc. v. Belcastro*, 5th Dist. Richland No. 2021 CA 0039, 2022-Ohio-788, ¶ 62. A plaintiff may not recover under a theory of unjust enrichment or quantum meruit when an express contract covers the same subject matter. *Ryan* at *2.

{¶12} Here, Fox alleged that it conveyed to MSP the benefit of price-reduction recommendations, that MSP knew of the benefit and used it to negotiate with other suppliers, and that MSP's retention of Fox's services without payment would be unjust.

However, Fox acknowledges that because the parties' contract covered this very subject matter, an equitable claim in quasi-contract for quantum meruit/unjust enrichment will not lie. Because there is no dispute that there was an express contract between the parties covering the same subject matter, Fox's claim for quantum meruit/unjust enrichment fails as a matter of law. Therefore, the trial court properly dismissed the claim.

## Conclusion

{¶13} Fox's assignment of error is overruled with respect to its quantum meruit/unjust enrichment claim, but it is sustained with respect to its breach-of-contract claim. Because the trial court failed to accept all allegations in Fox's complaint as true, and because it erred in finding that the complaint failed to state a claim for breach of contract, we reverse its dismissal of that claim. Therefore, the trial court's judgment is affirmed in part, reversed in part, and this cause is remanded for further proceedings.

Judgment accordingly.

ZAYAS and CROUSE, JJ., concur.

Please note:

The court has recorded its own entry this date.