[Cite as *Kent State Univ. v. Manley*, 2023-Ohio-4650.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KENT STATE UNIVERSITY,          :
C/O STATE OF OHIO
COLLECTIONS ENFORCEMENT,        :

      Plaintiff-Appellee,       :
                                No. 112551
      v.                        :

ERICA E. MANLEY,                :

      Defendant-Appellant.      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 21, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-931391

---

### *Appearances:*

Keith D. Weiner & Associates Co., LPA., and Suzana Pastor, *for appellee.*

Erica E. Manley, *pro se.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Defendant-appellant, Erica E. Manley, pro se, appeals from the trial court's judgment granting the motion for summary judgment of plaintiff-appellee,

Kent State University[1] and ordering judgment against her in the amount of $16,517.68, plus collection costs and interest. Finding some merit to the appeal, we reverse and remand.

## I. Background

{¶ 2} In March 2020, Kent State filed a two-count complaint against Manley. Count One asserted a claim on an account, contending that Manley was indebted to Kent State on an account for tuition and other educational services in the amount of $17,049.40, as set forth on the statement of Manley's account with Kent State's Bursar's Office that was attached to the complaint. Count Two set forth a claim for unjust enrichment, alleging that Manley had been unjustly enriched in the amount of $17,049.40 for failing to pay Kent State for educational and other services rendered.

{¶ 3} Manley timely answered the complaint and asserted various defenses, including failure to state a claim upon which relief can be granted, lack of subject-matter jurisdiction, failure to join all necessary parties, and lack of service. She also asserted a counterclaim containing 11 different counts against Kent State and its counsel.

---

[1] The Ohio Attorney General's Office is authorized by law to collect debt owed to the state of Ohio. R.C. 131.02. The Collections Enforcement Section of that office is responsible for collecting outstanding debt for various entities, including public universities. The complaint identifies the plaintiff as "Kent State University c/o State of Ohio Collections Enforcement." For ease of reference, we will refer to the plaintiff as Kent State.

{¶ 4} In her counterclaim, Manley alleged that she registered for graduate-level courses for the spring 2015 semester at Kent State and applied for federal student aid funds to cover her tuition and living expenses. She alleged that in early 2015, Kent State advised her that her federal student loan had been disbursed. As demonstrated on the statement of Manley's account attached to Kent State's complaint, a $9,013 credit remained after Kent State applied the loan proceeds to Manley's tuition, and that amount was transferred by Kent State on March 17, 2015, to Higher One, Inc., a third-party entity that Kent State had contracted with to, among other things, disburse student loan proceeds.

{¶ 5} Manley alleged in her counterclaim that the refund due her was transferred to Higher One without her consent or authorization and, further, that she did not accept Higher One's terms, conditions, and fees required to open an account with Higher One in order to obtain her refund. Manley's counterclaim detailed alleged communications between her, the Bursar's Office at Kent State, and Higher One in which she first asked Kent State and then Higher One to mail a refund check to her, and when that did not happen, to cancel her student loan. She alleged that the refund from Higher One was never delivered to her and, as a result, she was unable to attend classes at Kent State because she did not have funds to pay for class supplies or sufficient funds for living expenses so she could quit work to attend class.

{¶ 6} Among the 11 counts in her counterclaim, Manley alleged that Kent State's actions were in violation of federal law regarding the disbursement of loan proceeds, the Fair Credit Reporting Act, and the Fair Debt Collections Practices Act,

and that Kent State's complaint improperly calculated the collection costs and interest due. Manley also sought a declaratory judgment that Kent State had engaged in unconscionable practices and an injunction enjoining Kent State from violating consumer protection and debt collection laws. The trial court subsequently granted Kent State's motion to dismiss Manley's counterclaim and denied Manley's motion for leave to file an amended counterclaim.

{¶ 7} Manley also filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6), arguing, among other things, that a plaintiff may not recover under a theory of unjust enrichment when the parties' relationship is governed by a contract, Kent State never properly served her with the complaint, and it failed to join Higher One, a necessary and indispensable party, in the action.

{¶ 8} Kent State then filed a motion for summary judgment, which the trial court granted. The court then denied Manley's motion to dismiss as moot. Manley filed an appeal, which this court dismissed for lack of a final appealable order as required by R.C. 2505.02 because the trial court had not addressed the 11 counts in Manley's counterclaim, including her claim for a declaratory judgment, and thus, they remained pending. *Kent State Univ. v. Manley*, 8th Dist. Cuyahoga No. 110111, Motion No. 546460 (May 10, 2021) ("*Manley I*").

{¶ 9} Upon remand, the trial court issued a nunc pro tunc entry that included a ruling that "each and every counterclaim asserted and/or stated by the defendant in her answer and counterclaim are dismissed." Manley again appealed. This court again dismissed the appeal, finding the trial court's judgment entry was

a nullity because the trial court entered the judgment without jurisdiction while the case was pending in the Ohio Supreme Court. *Kent State Univ. v. Manley*, 8th Dist. Cuyahoga No. 111483, 2022-Ohio-4512 ("*Manley II*").

{¶ 10} Upon remand, the trial court issued a judgment entry dismissing all of Manley's counterclaims and granting Kent State's motion to dismiss Manley's claim for declaratory relief due to lack of subject-matter jurisdiction. Manley again appealed. We now have a final appealable order and will consider the appeal. For clarity, we consider some assignments of error out of order.

## II. Law and Analysis

### A. Sufficiency of Service

{¶ 11} In her first assignment of error, Manley contends that she was never served with Kent State's complaint and, therefore, the trial court lacked personal jurisdiction over her. Manley does not dispute that service by certified mail was sent to her home address but contends that she was not served with the complaint because someone fraudulently signed her name on the certified mail receipt.

{¶ 12} This court considered and rejected the same argument in *Manley II*. This court found that "Manley did not present any evidence other then her own self-serving assertion that her signature was forged by someone." *Kent State*, 8th Dist. Cuyahoga No. 111483, 2022-Ohio-4512 at ¶ 22. The court stated:

> Self-serving testimony is insufficient to rebut the presumption of proper service for obvious reasons; any party could change his or her signature in order to claim lack of service. To allow parties to avoid service with self-serving testimony would encourage abuse of the process and make it difficult to obtain service. Manley did not provide any evidence, other than her own self-serving testimony, to establish

lack of service. Therefore, she failed to rebut the presumption of proper service, and the trial court had personal jurisdiction over Manley.

*Id*. at ¶ 28.

{¶ 13} Our previous determination that the trial court had jurisdiction to hear Kent State's claim is the law of the case. Under the law-of-the-case doctrine, "the decision of a reviewing court in a case remains the law of that case on legal questions involved for all subsequent proceedings in the case at both trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984); *accord Rimmer v. CitiFinancial Inc.*, 2020-Ohio-99, 151 N.E.3d 988, ¶ 43 (8th Dist.). The law-of-the-case doctrine ensures consistency of results in a case, prevents endless litigation by settling issues, and preserves the structure of superior and inferior courts as designed by the Ohio Constitution. *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404, 659 N.E.2d 781 (1996).

{¶ 14} Because our prior decision in *Manley II* that the trial court had jurisdiction to hear Kent State's claims is the law of the case, the first assignment of error is overruled.

### B. Joinder of Indispensable Party

{¶ 15} Section 13 of the Borrower's Rights and Responsibilities Statement regarding the federal student loan Manley obtained in 2015 states:

> If your school credits your loan money to your account and the amount credited is more than the amount of your tuition and fees, room and board, and other authorized charges, the excess amount is called a credit balance. Unless you authorize your school to hold the credit balance for you, your school must pay you the credit balance within the following timeframes:

If the credit balance occurs after the first day of class of a payment period (your school can tell you this date), your school must pay you the credit balance no later than 14 days after the date the balance occurs.

If the credit balance occurs on or before the first day of class of a payment period, your school must pay you the credit balance no later than 14 days after the first day of class of the payment period.

(Kent State motion for summary judgment, Exhibit D6.)

{¶ 16} In an email from the Kent State Bursar's Office to Manley dated April 14, 2015, Kent State informed Manley that Higher One was "the company that works with Kent State to disburse any refund" and that to obtain her refund, Manley should go online to select her refund preference with Higher One of either a paper check, direct deposit, or a free checking account. (Appellant's brief in opposition to motion for summary judgment, Exhibit N2) The Bursar's Office acknowledged that pursuant to federal regulations, the Office had up to 14 days after receipt of loan proceeds to issue a credit refund and informed Manley that "[y]our Federal Direct Unsubsidized Loan transferred to your Bursar account on 03/17/15 and we issued the refund for you the same day." The Office told Manley that it had therefore "followed the appropriate federal regulations" but that Manley's refund was delayed because she had not set up a refund preference with Higher One.

{¶ 17} Manley contends that Kent State did not comply with the federal regulations, however, and thus is not entitled to recover any monies from her because placing her loan refund with a third party within 14 days of receipt is not the same as issuing the refund directly to her. She contends that Higher One, as an agent of Kent State, likewise did not timely deliver the credit refund to her, in

violation of the federal regulations, and thus is exposed to "potential suit and sanctions." Accordingly, she contends that Higher One was a necessary and indispensable party to the action and the trial court therefore erred in denying her motion to dismiss because Kent State did not join Higher One in the action.

{¶ 18} Civ.R. 19 requires a person who is subject to service of process to be joined as a party if:

> (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee.

Civ.R. 19(A). If such a person cannot be made a party, Civ.R. 19(B) provides that "the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." The factors to be considered in determining whether a person is indispensable include: to what extent a judgment rendered in the person's absence might be prejudicial to the person or those who are already parties; the extent to which the prejudice can be lessened or avoided; whether a judgment rendered in the person's absence will be adequate; and whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Civ.R. 19(B).

{¶ 19} Manley has not shown that Higher One is an indispensable or even necessary party under Civ.R. 19. At issue in this case is whether Manley owes Kent State federal student loan monies that Kent State alleges it returned to the U.S. Department of Education because Manley did not attend the courses in which she had enrolled, rendering her ineligible to retain the funds. (*See* Kent State's motion for summary judgment, p. 6.) In short, this case involves the recovery by Kent State of a disputed debt. Based on the record before us, it appears that complete relief can be afforded the parties in this action without Kent State joining Higher One, who does not have an interest in the matter nor is an assignor, assignee, subrogor, or subrogee. Further, there is nothing in the record to suggest that anyone is at risk of incurring multiple or otherwise inconsistent obligations or would otherwise be prejudiced by Higher One's absence from the case. Accordingly, the trial court did not err in denying Manley's motion to dismiss for failure to join an indispensable party, and the second assignment of error is overruled.

### C. Unjust-Enrichment Claim

{¶ 20} In her fourth assignment of error, Manley contends that the trial court erred in denying her motion to dismiss Kent State's unjust-enrichment claim and then in granting summary judgment to Kent State on the claim. We agree.

{¶ 21} Unjust enrichment occurs when a person has or retains money or benefits that in justice and equity belong to another. *Gallo v. Westfield Natl. Ins. Co.,* 8th Dist. Cuyahoga No. 91893, 2009-Ohio-1094, ¶ 18. To recover for unjust enrichment in Ohio, a plaintiff must show (1) it conferred a benefit upon the

defendant, (2) the defendant knew of the benefit, and (3) it would be unjust to allow the defendant to retain the benefit without payment. *Meyer v. Chieffo*, 193 Ohio App.3d 51, 2011-Ohio-1670, 950 N.E.2d 1027, ¶ 37 (10th Dist.). Because claims for unjust enrichment are equitable claims based on quasi-contract (i.e., a contract created by law) they are only available in the absence of an enforceable contract. *Deffren v. Johnson*, 2021-Ohio-817, 169 N.E.3d 270, ¶ 10 (1st Dist.); *Zara Constr., Inc. v. Belcastro*, 5th Dist. Richland No. 2021 CA 0039, 2022-Ohio-788, ¶ 62. A plaintiff may not recover under a theory of unjust enrichment when an express contract covers the same subject. *Fox Consulting Group, Inc. v. Mailing Servs. of Pittsburgh, Inc.*, 1st Dist. Hamilton No. C-210250, 2022-Ohio-1215, ¶ 11, citing *Ryan v. Rival Mfg. Co.*, 1st Dist. Hamilton No. C-810032, 1981 Ohio App. LEXIS 14729, 3 (Dec. 16, 1981); *Gallo* at ¶ 19.

{¶ 22} As this court has recognized, "'[t]he relationship between a student and a university is contractual in nature.'" *Cleveland State Univ. v. Simpson*, 8th Dist. Cuyahoga No. 108058, 2019-Ohio-2240, ¶ 15, quoting *Spafford v. Cuyahoga Community College*, 8th Dist. Cuyahoga No. 84786, 2005-Ohio-1672, ¶ 34. "The terms of the contract are found in the university's handbooks, catalogs, policies, and brochures supplied to the students." *Cleveland State Univ.* at *id.*, citing *Leiby v. Univ. of Akron*, 10th Dist. Franklin No. 05AP-1281, 2006-Ohio-2831, ¶ 15.

{¶ 23} Accordingly, because the relationship between Kent State and Manley is contractual in nature, Kent State's unjust-enrichment claim fails as a matter of law, and thus, the trial court erred in denying Manley's motion to dismiss the claim.

Furthermore, because the claim was still improperly pending when Kent State filed its motion for summary judgment, the trial court should have granted summary judgment to Manley on the unjust-enrichment claim. *See Guilford v. Athena Career Acad.*, N.D.Ohio No. 3:19 CV 2208, 2020 U.S. Dist. LEXIS 205975, 13 (Sept. 3, 2020) (plaintiff-student's unjust-enrichment claim for tuition she paid to defendant-academy that was not refunded to her following her dismissal failed as a matter of law because the relationship between the plaintiff and defendant was contractual in nature and therefore, summary judgment was granted to the defendant).

{¶ 24} The fourth assignment of error is sustained.

**D. Summary Judgment**

{¶ 25} In her fifth assignment of error, Manley contends that the trial court erred in granting Kent State's motion for summary judgment. As discussed above, the trial court erred to the extent it granted summary judgment to Kent State on its claim for unjust enrichment. Accordingly, our analysis is limited to whether the trial court properly granted summary judgment on Count One of Kent State's complaint, action on an account.

{¶ 26} Under Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably to the party against whom the motion is made, reasonable minds can only reach a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio

St.3d 367, 369-370, 696 N.E.2d 201 (1998); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶ 27} The moving party has the initial burden of setting forth specific facts that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate. *Id.* at 293. If the moving party meets this burden, the nonmoving party has a reciprocal burden of setting forth specific facts using evidence permitted by Civ.R. 56(C) to show that there is a genuine issue for trial. *Id.* Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id.*

{¶ 28} We review the trial court's judgment de novo, using the same standard that the trial court applies under Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Accordingly, we stand in the shoes of the trial court and conduct an independent review of the record.

{¶ 29} In its motion for summary judgment, Kent State explained its claim as follows:

> Defendant enrolled in courses with Plaintiff for the Spring 2015 semester and received an award of federal financial aid in the form of federal Stafford Loans to pay for those courses, including a refund check in the amount of $9,013.00. Defendant subsequently did not attend the courses in which she enrolled, rendering her ineligible to retain any of the financial aid she received, and necessitating the return of all of those funds by Plaintiff to the U.S. Department of Education, $9,013.00 of which Plaintiff paid out of pocket due to Defendant's refusal to disgorge herself of the improperly retained refund, as mandated by Title IV and U.S. Department of Education Guidelines. Despite repeated demand from and by Plaintiff, Defendant has

consistently failed and refused to return the improperly retained funds, and has likewise failed to tender payment for the balance due.

(Kent State motion for summary judgment, p. 6.)

{¶ 30} Attached as Exhibit A to Kent State's motion is an "Account Detail" from the Ohio Attorney General's Office showing that Kent State certified the account to the Attorney General on February 6, 2017, and the balance due as of March 19, 2020, was $17,049, which included the original balance due of $11,110, plus interest of $1,519.18 and miscellaneous costs of $4,420.22. Attached as Exhibit B is a statement of Manley's account with Kent State's Bursar's Office. The statement reflects a balance due of $11,110 as of June 3, 2015. Entries on the account show that Manley's student loan proceeds were applied to her account on March 17, 2015, and her credit refund of $9,013 was placed with Higher One the same day. Exhibits B-1 and B-2 are the front and back copies, respectively, of a check dated April 6, 2015, in the amount of $9,013 from Higher One "as agent" for the "KSU Refund" payable to Manley and endorsed by Manley and deposited with the Navy Federal Credit Union on April 17, 2015.[2]

{¶ 31} Attached as Exhibits C-1 through C-5 are invoices from the Kent State Bursar's Office dated June 10, 2015; September 17, 2015; February 22, 2016; July 8, 2016; and November 1, 2016, seeking payment from Manley of $11,110. Exhibit C-6 is a copy of a letter dated December 7, 2016, from Kent State to Manley advising

---

[2] Thus, Manley's assertion in her counterclaim that she never received the credit refund is wholly refuted by the record.

Manley that her past due account would be assigned to the Ohio Attorney General's Office for collection 14 days from the date of the letter if the past due balance was not paid in full by that time. Exhibits D-1 through D-10 are copies of the Master Promissory Note signed by Manley on March 12, 2015, including its terms and conditions and the borrower's rights and responsibilities statement. Exhibit E-1 through E-2 is a copy of R.C. 131.02.

{¶ 32} Exhibits F-1 and F-2 are copies of an affidavit from Brian Metzbower, the collections supervisor in the Collections Enforcement Section of the Ohio Attorney General's Office, in which Metzbower avers that on February 6, 2017, Kent State certified Manley's debt of $11,110 for collection by the Attorney General pursuant to R.C. 131.02, and that the current balance due was $17,380.18, with interest and collection costs continuing to accrue.[3] Finally, Exhibit G is a copy of an affidavit by Alison Murphy, a manager with Keith D. Weiner & Assoc. Co., L.P.A., averring that she is familiar with the case of *Cleveland State Univ. v. Manley*, had gathered the financial records concerning the case, and the exhibits attached to Kent State's motion for summary judgment were true and accurate copies of the originals. Kent State subsequently filed a motion for leave to file an amended affidavit, which

---

[3] Metzbower's interest and collection costs calculations differed from the interest and collection costs sought by Kent State in its motion for summary judgment.

the trial court granted, for Murphy to indicate that the case referred to in her affidavit was actually this case, not a case involving Cleveland State University.[4]

{¶ 33} In its motion for summary judgment, Kent State argued that as evidenced by the affidavits and exhibits attached to its motion, there were no genuine issues of material fact that Manley was indebted to Kent State on her account for tuition and educational services rendered in the amount of $17,049.40, of which $11,110 was principal; $4,420.22 was collection costs; and $1,519.18 was accrued interest.

{¶ 34} In her brief in opposition to Kent State's motion for summary judgment, Manley argued that there were disputed genuine issues of material fact that precluded a grant of summary judgment to Kent State. Specifically, she argued that Kent State did not disburse the credit refund to her, in breach of the contract between her and Kent State, within 14 days of its disbursement of her federal student loan monies. She pointed out that Section 13 of the Borrower's Rights and Responsibilities statement regarding the promissory note that she signed to obtain her student loan states that, as previously quoted in paragraph 15 of this opinion, any credit balance after a school credits the student loan money to the student's account must be paid to the student by the school within the following timeframes: (1) within 14 days after the credit balance occurs if the credit balance occurs after the first day of class of a payment period; or (2) within 14 days after the first day of class

---

[4] Notably absent from Kent State's exhibits was any evidence that it returned the credit refund to the U.S. Department of Education.

of the payment period if the credit balance occurs on or before the first day of class of a payment period. Likewise, 34 C.F.R. 668.164(h)(2), regarding the disbursement of student loan funds by an institution of higher learning, requires that credit balances must be paid

> directly to the student or parent as soon as possible, but no later than —
>
> (i)     Fourteen (14) days after the balance occurred if the credit balance occurred after the first day of class of a payment period; or
>
> (ii)    Fourteen (14) days after the first day of class of a payment period if the credit balance occurred on or before the first day of class of that payment period.

{¶ 35} Additionally, 34 C.F.R. 668.164(d)(4)(i)(A)(6) provides that an institution that uses a third-party servicer such as Higher One to refund credit balances students must ensure that a student who does not make an affirmative selection with the third-party servicer regarding how the student is to receive her payment, "is paid the full amount of the credit balance within the appropriate time-period specified in paragraph (h)(2) of this section, using a method specified in paragraph (d)(1) of this section." Paragraph (d)(1) states that an institution makes a direct payment to a student when it (1) initiates an electronic funds transfer to the student's existing financial account; (2) issues a check to the student; (3) or dispenses cash to the student.

{¶ 36} Kent State asserts that it is a party to the agreement between Manley and the U.S. Department of Education (i.e., the promissory note signed by Manley) by virtue of Manley's enrollment with Kent State for the spring 2015 semester.

(Appellee Brief, p. 4-5.) As a party to the agreement, Kent State is therefore bound by its terms, which required it to timely disburse Manley's credit refund.

{¶ 37} Kent State argues that its disbursement was timely because it transferred the credit refund to Higher One, its third-party servicer, on March 17, 2015, the same day the student loan funds were credited to Manley's account with the Bursar's Office. There is a genuine issue of material fact, however, regarding whether this transfer was sufficient to qualify as a timely disbursement of the credit refund. As acknowledged by Kent State in the April 14, 2015 email from the Bursar's Office to Manley, Manley did not set up an account with Higher One because she did not agree with Higher One's terms and conditions required to set up an account. (Exhibit N2, Appellant's brief in opposition to Kent State's motion for summary judgment.) Therefore, as also noted in the email, Manley did not make an affirmative choice with the servicer regarding how she was to receive her refund. Because she did not do so, Kent State was required to ensure that Manley received her credit refund within the time requirements set forth in the note and in 34 C.F.R. 668.164(h)(2): no later than 14 days after March 17, 2015, when the credit occurred, if March 17, 2015, was after the first day of class of the payment period; or no later than 14 days after the first day of class of the payment period if the credit balance occurred before the first day of class for the payment period.

{¶ 38} Manley received the credit refund check from Higher One on April 7, 2015. The record is silent, however, as to when the first day of class was for the

relevant payment period. Accordingly, there is a genuine issue of material fact regarding whether Manley timely received her credit refund.

{¶ 39} There is also a genuine issue of material fact whether Kent State's claim is barred because, as argued by Manley in her brief in opposition to Kent State's motion for summary judgment, Kent State did not timely certify its claim to the Ohio Attorney General.

{¶ 40} As noted earlier, the Ohio Attorney General has statutory authority to pursue collection actions against individuals indebted to the state, including actions for the collection of unpaid student accounts. *Oliver v. Ohio State Univ.*, Ct. of Cl. No. 2007-04745-AD, 2008-Ohio-4201, ¶ 12. The amount due must be certified to the Attorney General for collection within the time frames set forth in R.C. 131.02(A). With respect to the collection of student accounts, R.C. 131.02 states, "In the case of an amount payable by a student enrolled in a state institution of higher education, the amount shall be certified within the later of forty-five days after the amount is due or the tenth day after the beginning of the next academic semester, quarter, or other session following the session for which the payment is payable."

{¶ 41} There is no dispute that Kent State certified Manley's debt to the Ohio Attorney General on February 6, 2017. Kent State argues that the claim was timely certified because it sent a letter to Manley dated December 7, 2016, in which it advised her that her student account was "past due" and the account would be certified to the Attorney General's Office for further collection 14 days from the date of the letter if the past due balance was not paid in full. Kent State asserts that

Manley's account was certified "exactly 45 days later" and thus, was in compliance with the law.

{¶ 42} Kent State misreads the statute. In the absence of a definition of a word or phrase used in a statute, words are to be given their common, ordinary, and accepted meaning. *State v. Nelson*, 162 Ohio St.3d 338, 2020-Ohio-3690, 165 N.E.3d 1110, ¶ 18. If the meaning of the statue is unambiguous and definite, it must be applied as written. *Id*. at ¶ 17. Furthermore, a court may not add words to an unambiguous statute but must apply the statute as written. *Davis v. Davis*, 115 Ohio St.3d 180, 2007-Ohio-5049, 8783 N.E.2d 1305, ¶ 15.

{¶ 43} R.C. 131.02 does not contain the word "past," such that, as argued by Kent State, proper certification can occur the later of 45 days after an account is "past due" or 10 days after the start of the next academic period. Rather, under R.C. 131.02, Manley's account was required to be certified to the Ohio Attorney General the later of 45 days after "the amount is due" or 10 days after the beginning of the next academic semester, quarter, or other session following the session for which the payment was payable.

{¶ 44} Exhibit A2 to Kent State's motion for summary judgment, the statement of Manley's account with the Bursar's Office, demonstrates that the amount became due on June 3, 2015. Indeed, as reflected on Exhibit C1 to Kent State's motion, Kent State sent Manley a bill dated June 10, 2015, for the $11,110 "amount due." Nevertheless, as noted above, other than reflecting that Manley was enrolled for the "Spring 2015" semester at Kent State, the record does not specify

the dates for the spring 2015 session. Accordingly, we cannot determine from the record the date that is the later of 45 days after Manley's account was due or 10 days after the beginning of the next academic semester, quarter, or other session following the session for which the payment was payable. Thus, there is a genuine issue of material fact regarding whether Kent State's certification of Manley's student loan debt to the Ohio Attorney General on February 6, 2017, was timely. If it was not timely certified pursuant to R.C. 131.02(A), Kent State is precluded from pursuing its collection action against Manley.

{¶ 45} Because there are genuine issues of material fact regarding Kent State's ability to prevail in its collection claim against Manley, the trial court erred in granting Kent State's motion for summary judgment. The fifth assignment of error is sustained.

{¶ 46} In her third assignment of error, Manley argues that the trial court erred in denying her motion to dismiss because Kent State did not timely certify its complaint to the Ohio Attorney General. In light of our determination that there is a genuine issue of material fact regarding whether the certification was timely, this assignment of error is overruled as moot.

**E. Continuance of Final Pretrial**

{¶ 47} On September 25, 2020, Kent State filed a motion asking to participate in the final pretrial, which was set for September 29, 2020, by phone. The docket reflects that on September 30, 2020, the trial court, sua sponte, entered an order continuing the final pretrial from September 29 to November 17, 2020. In

her sixth assignment of error, Manley contends that the trial court abused its discretion in sua sponte continuing the final pretrial without good cause.

{¶ 48} The docket reflects that as of September 29, 2020, there were several motions pending before the trial court, including Kent State's motion for summary judgment and Manley's motion to dismiss. There would have been no point in holding a final pretrial before the trial court ruled on these dispositive motions.

{¶ 49} "A trial court has the inherent power to control its own docket and the progress of proceedings in its court." *Chou v. Chou*, 8th Dist. Cuyahoga No. 80611, 2002-Ohio-5335, ¶ 38, citing *State ex rel. Kura v. Sheward*, 75 Ohio App.3d 244, 245, 598 N.E.2d 1340 (10th Dist.1992). An abuse of discretion occurs when a court exercise its judgment "in an unwarranted way[] in regard to a matter over which it has discretionary authority," *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35, or there is no sound reasoning process that would support its decision. *Klayman v. Luck*, 8th Dist. Cuyahoga Nos. 97074 and 97075, 2012-Ohio-3354, ¶ 12.

{¶ 50} In light of the pending dispositive motions, and the trial court's inherent authority to control its docket, the court's sua sponte continuance of the final pretrial was neither unwarranted nor unreasonable. The sixth assignment of error is overruled.

{¶ 51} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
LISA B. FORBES, J., CONCUR