[Cite as *Ilboudo v. Cincinnati Metro. Hous. Auth.*, 2025-Ohio-1386.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| KRISTAL ILBOUDO, | : | APPEAL NO. C-240454 |
| | | TRIAL NO. A-2401871 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| CINCINNATI METROPOLITAN | : | |
| HOUSING AUTHORITY, | | |
| | : | |
| Defendant-Appellee. | | |
| | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed as Modified

Date of Judgment Entry on Appeal: April 18, 2025

*Kristal Ilboudo*, pro se,

*Marshall Dennehey, P.C.*, and *Ray C. Freudiger*, for Defendant-Appellee.

**NESTOR, Judge.**

{¶1} Plaintiff-appellant Kristal Ilboudo appeals the trial court's judgment dismissing her complaint against defendant-appellee Cincinnati Metropolitan Housing Authority ("CMHA"). Because she failed to provide anything more than a list of factual grievances and claimed damages, we overrule her sole assignment of error. However, because the complaint should have been dismissed without prejudice, we modify the judgment to reflect as such and affirm the judgment as modified.

## I. *Factual and Procedural History*

{¶2} Ms. Ilboudo initially filed a complaint, pro se, under the case numbered A-2304798, asserting among other things that she had not received notice of a new judge being assigned to the case and that she had an issue with CMHA's attorney attending a case-management conference. That case was dismissed, and Ms. Ilboudo did not appeal from that judgment. Although she continues to try and litigate the facts raised in her former complaint in the current case, we cannot consider them. Our review is confined to the four corners of Ms. Ilboudo's complaint filed in the case numbered A-2401871, and we may not rely on evidence or allegations outside of it. *See Ri'Chard v. Bank of Am.*, 2020-Ohio-4688, ¶ 7 (1st Dist.), quoting *Dabney v. Metro Appraisal Group, Inc.*, 2018-Ohio-4601, ¶ 15 (8th Dist.); *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997).

{¶3} In this case, Ms. Ilboudo filed a complaint against CMHA, amending it three days later. In her amended complaint, she sought compensation from CMHA for "roaches, mold, mold bugs, medical bills, traumatic arthritis, and PTSD re-triggers." Ms. Ilboudo claimed that she experienced all of this while residing at a CMHA property.

{¶4} CMHA moved to dismiss her amended complaint for failure to state a

claim for which relief can be granted. Ms. Ilboudo responded by asserting that she was wronged by CMHA because a tenant has a right to live in a structure that is sanitary and habitable, which it did not provide. Also, she explained that she lost all her property due to the apartment being deemed unlivable. The lost property included business property, books, wigs, clothing, and antiques.

{¶5} The trial court granted CMHA's motion and dismissed Ms. Ilboudo's complaint with prejudice. She now appeals.

## II. Analysis

{¶6} While Ms. Ilboudo failed to unequivocally outline assignments of error, we construe the arguments in her appellate brief as a single assignment of error asserting that the trial court erred in granting CMHA's motion to dismiss her complaint for failure to state a claim for which relief can be granted.

{¶7} We review a trial court's decision granting a Civ.R. 12(B)(6) motion to dismiss de novo. *Fox Consulting Group, Inc. v. Mailing Servs. of Pittsburgh, Inc.*, 2022-Ohio-1215, ¶ 7 (1st Dist.), citing *Holimon v. Sharma*, 2021-Ohio-3840, ¶ 8 (1st Dist.). "A [] motion to dismiss for failure to state a claim [for] which relief can be granted tests the sufficiency of the complaint." *Id.* at ¶ 6, citing *Thomas v. Othman*, 2017-Ohio-8449, ¶ 18 (1st Dist.). In reviewing such a motion, "[we] must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.*, citing *Thomas* at ¶ 18. Ultimately, a trial court "should not dismiss a claim for failure to state an actionable claim unless it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Id.*, citing *Thomas* at ¶ 19.

{¶8} Under Ohio's "notice pleading" standard, Civ.R. 8(A) requires that a complaint "'contain (1) a short and plain statement of the claim showing that the party

is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled.'" *Jordan v. City of Cincinnati*, 2024-Ohio-1044, ¶ 6 (1st Dist.). "The complaint 'need not state with precision all elements that give rise to a legal basis for recovery as long as fair notice of the nature of the action is provided.'" *Ri'Chard*, 2020-Ohio-4688, at ¶ 8 (1st Dist.), quoting *Fancher v. Fancher*, 8 Ohio App.3d 79, 83 (1st Dist. 1982).

{¶9} In this case, Ms. Ilboudo's complaint does not set forth any claim under Ohio law. The court could construe her factual allegations to set forth either a contract claim under a lease or a tort claim for negligence. But the amended complaint does not specify either action or provide a copy of any lease with CMHA. The amended complaint is devoid of any element of a legal claim.

{¶10} Here, Ms. Ilboudo sought compensation from CMHA for the "roaches, mold, mold bugs" that she experienced living at its property. In addition, from what we could interpret, she claims to have incurred medical costs relating to an MRI, her traumatic arthritis, and "PTSD re-triggers." She also states that because the apartment was deemed unlivable, she lost all her personal property, including business property, books, wigs, clothing, and antiques. Moreover, because she had to move out of the apartment, she claims she had out-of-pocket expenses for packing supplies and moving services. And finally, she argues that CMHA discriminated against her for being disabled in violation of the Americans with Disabilites Act.

{¶11} Even if we accept each of these facts as true, Ms. Ilboudo still has not specified a legal claim in her amended complaint. A list of factual grievances, unconnected to a legal claim, fails under Ohio's notice-pleading standard. Thus, we hold the amended complaint was properly dismissed.

{¶12} However, although the trial court properly dismissed her complaint, it

should have been dismissed *without* prejudice. We have previously held that "'a dismissal for failure to state a claim is without prejudice except in those cases where the claim cannot be pleaded in any other way.'" *Martin v. Wegman*, 2019-Ohio-2935, ¶ 22 (1st Dist.), quoting *Fletcher v. Univ. Hosps. of Cleveland*, 2008-Ohio-5379, ¶ 17. However inartful her claim, because Ms. Ilboudo could properly plead her claim in another way, it should have been dismissed without prejudice.

### III. Conclusion

{¶13} The trial court properly dismissed Ms. Ilboudo's complaint for failure to state a claim upon which relief can be granted. Accordingly, we overrule her assignment of error and affirm the judgment of the trial court as modified to reflect a dismissal of the complaint without prejudice.

Judgment accordingly.

**CROUSE, P.J.,** and **MOORE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.