THE STATE OF OHIO, APPELLEE, *v.* COBLE, APPELLANT.

(No. 2673—Decided February 15, 1962.)

*Mr. Paul R. Young,* prosecuting attorney, for appellee.
*Mr. Jack H. Patricoff,* for appellant.

KERNS, J. On March 3, 1961, the defendant, Paul Edward Coble, who was charged by information with the offense of grand larceny, signed waivers which are countersigned by the trial judge and which provide as follows:

"I, *Paul Edward Coble,* the defendant in the above cause being now in open court, fully understand that under the laws of this state I have a right to be represented by counsel, and do hereby affirmatively waive my right to be represented by counsel."

"I, *Paul Edward Coble,* the above-named defendant, accused of violation of Section *2907.20* Revised Code of Ohio, to-wit: a criminal offense which is not punishable by death or life imprisonment, having been advised by the court of the nature of the charge against me, and of my rights under the Constitution, hereby waive, in writing and in open court, prosecution by indictment and request and consent that the charge proceed by information instead of by indictment.

"A copy of the proposed information has been furnished me."

On the same day, the defendant entered a plea of guilty to the charge.

On July 8, 1961, the family of the defendant engaged the services of an attorney who, on July 10, 1961, filed an application which, in substance, requests probation. In support of this application, it is stated, among other things, that "counsel for defendant is not attempting to attack the plea of guilty which was previously entered by the said defendant pursuant to the information on March 3, 1961, but feels that on behalf of the defendant and on behalf of his family he would desire to submit facts bearing upon the question of adequate consideration of probation of said defendant."

On August 25, 1961, defendant's counsel filed a supplemental application and motion which states:

"Now comes the defendant, Paul Edward Coble, through his attorney and submits this supplemental application and motion for a new trial, and moves the court for the following:

"(1) For an order to grant him a new trial;

"(2) And that he be allowed to withdraw his former plea of 'guilty' and enter his plea of 'not guilty' to the pending information filed herein: and to have said alleged offense examined by the Grand Jury of Montgomery County, Ohio.

"(3) To assign this case for trial on its merits and to permit the defendant to be represented by counsel, whereby the defendant would be properly advised as to his rights in this case, and to have explained to him the nature of the charge pending against him by his own counsel."

By entry dated August 28, 1961, the trial court granted leave to the defendant to withdraw his former plea of guilty, and thereafter, the case proceeded to trial upon the information. No bill of exceptions has been filed herein, but the jury verdict finding the defendant guilty of the charge is a matter of record.

On October 23, 1961, the trial court entered judgment upon the verdict and sentenced the defendant to the Ohio State Reformatory for a period of not less than one nor more than seven years. From such judgment and sentence, an appeal has been perfected to this court.

The single issue for determination in this case is whether one accused of crime who has regularly waived indictment and consented to proceed by information has an absolute *right* to withdraw the waiver at any time before trial.

Section 2941.021, Revised Code, which provides for prosecution by information, states:

"Any criminal offense which is not punishable by death or life imprisonment may be prosecuted by information filed in the Common Pleas Court by the prosecuting attorney if the defendant, after he has been advised by the court of the nature of the charge against him and of his rights under the Constitution, is represented by counsel or has affirmatively waived counsel by waiver in writing and in open court, waives in writing and in open court prosecution by indictment."

In the case of *Ex parte Stephens, a Minor,* 171 Ohio St., 323, the Supreme Court of Ohio, in declaring that the above statute is not unconstitutional, said:

"1. Section 10, Article I of the Constitution of Ohio, providing that 'no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment

of a grand jury,' confers a personal privilege which may be waived by a defendant.''

Since the constitutional provision requiring indictment by a grand jury has been considered a personal privilege rather than a judicial limitation, it appears that there is a close relationship between the problems involved in the waiver of indictment and those involved in the waiver of trial by jury. And ordinarily, in the absence of statute, the withdrawal of a waiver of jury trial is directed to the discretion of the trial court. 46 A. L. R. (2d), 920. In Ohio, it is provided by statute that a waiver of jury trial may be withdrawn by the defendant at any time before the commencement of the trial (Section 2945.05, Revised Code), but no similar provision has been enacted with reference to a waiver of indictment. In the absence of any such provision, we are of the opinion that the defendant's application to have the offense examined by the grand jury under the circumstances set forth herein invoked the discretionary power of the trial court, and the record, as presented, does not affirmatively show an abuse of discretion.

The judgment is affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.