[Cite as *State v. McLaughlin*, 2025-Ohio-5163.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 30440 |
| Appellee | : | |
| | : | Trial Court Case No. 2022 CR 00607 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| LAMARCUS DEVONTE MCLAUGHLIN | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on November 14, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.


For the court,


MARY K. HUFFMAN, JUDGE

EPLEY, P.J., and TUCKER, J., concur.

CHRISTOPHER BAZELEY, Attorney for Appellant
SARAH H. CHANEY, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Defendant-Appellant Lamarcus McLaughlin appeals from the trial court's judgment denying his motion to withdraw a waiver of indictment following a withdrawal of his guilty plea fifteen months earlier related to charges in his original indictment and subsequent bill of information. The trial court did not abuse its discretion in denying McLaughlin's motion because it complied with the requirements under R.C. 2941.021 when accepting McLaughlin's waiver of indictment, and McLaughlin had no absolute right to withdraw the waiver of an indictment. For the reasons outlined below, we affirm the judgment of the trial court.

{¶ 2} On July 11, 2022, McLaughlin was indicted on one count of aggravated vehicular assault (suspension) in violation of R.C. 2903.08(A)(1), a felony of the second degree; one count of operating a vehicle while under the influence (OVI) in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree; one count of OVI (marihuana 10ng urine or 2ng blood) in violation of R.C. 4511.19(A)(1)(j)(vii), a misdemeanor of the first degree; one count of OVI (marihuana metabolite 15ng urine or 5 ng blood) in violation of R.C. 4511.19(A)(1)(j)(vii)(I), a misdemeanor of the first degree; and one count of vehicular assault (suspension) in violation of R.C. 2903.08(A)(2)(b), a felony of the third degree. On July 22, 2022, McLaughlin stood mute in front of the trial court, and the court entered a plea of not guilty on his behalf. The allegations against McLaughlin arose from an automobile collision where McLaughlin's vehicle struck another vehicle attempting to make a turn.

**{¶ 3}** On March 26, 2023, a bill of information was filed against McLaughlin for attempt to commit felonious assault (deadly weapon) in violation of R.C. 2903.11(A)(2), a felony of the third degree, and tampering with evidence (alter/destroy) in violation of R.C. 2921.12(A)(1), a felony of the third degree. The tampering with evidence charge was based upon allegations that several eyewitnesses saw McLaughlin hide a black bag containing marijuana in a tree line after the collision.

**{¶ 4}** The following day, McLaughlin was personally served with the bill of information and appeared before the court represented by counsel. The court orally advised McLaughlin of his constitutional right to be prosecuted by indictment and his right to one-day service under R.C. 2941.49. McLaughlin then orally waived one-day service and prosecution by indictment on the attempted felonious assault and tampering with evidence charges (as stated in the bill of information). He also signed and submitted to the court a written waiver of indictment and waiver of one-day service.

**{¶ 5}** McLaughlin then plead guilty to one count of attempted felonious assault and tampering with evidence as stated in the bill of information and to one count of OVI (under the influence) in violation of R.C. 4511.19(A)(1)(a) as stated in the indictment, in exchange for the dismissal of the remaining counts in the original indictment and with no agreement as to sentencing. The trial court accepted his guilty plea and scheduled his sentencing for April 24. On the day of sentencing, defense counsel requested that the sentencing hearing be continued. The court granted McLaughlin's continuance request and continued his sentencing hearing until July 10.

**{¶ 6}** On June 6, before sentencing occurred, McLaughlin filed a motion to withdraw his plea and appoint new counsel, arguing that he was not guilty of any of the charges and that his current counsel may become a witness at the hearing on his motion to withdraw the

3

pleas. At that time, he did not move to withdraw his waiver of indictment or one-day service.

{¶ 7} Per his request, McLaughlin was appointed new counsel. At the plea withdrawal hearing on June 30, his former counsel testified that the additional charges for felonious vehicular assault and tampering with evidence in the bill of information were suggested to the State by former counsel as part of McLaughlin's plea agreement because those charges did not carry a mandatory prison term.

{¶ 8} In August 2023, the trial court granted McLaughlin's motion to withdraw his plea, finding that McLaughlin was visibly hesitant during the plea hearing and that certain questions were mistakenly omitted from the court's standard plea colloquy. After McLaughlin's plea was withdrawn, the case was continued several times, and trial was eventually scheduled for October 15, 2024.

{¶ 9} During a pre-trial conference in September 2024, the State indicated its intent to proceed to trial on count two of the bill of information—tampering with evidence as a third-degree felony. On October 7, 2024 (eight days before trial and more than fifteen months after he sought to withdraw his guilty plea), McLaughlin filed a motion to withdraw his waiver of indictment on the bill of information and to dismiss the bill of information itself, arguing that his waivers of the right to prosecution by indictment and one-day service were not knowing, voluntary, and intelligent. The trial court denied his motion.

{¶ 10} In denying McLaughlin's motion to withdraw the waiver of indictment, the court observed that the bill of information filed on March 26, 2023 was never dismissed and that McLaughlin presented no authority to support his assertion that the withdrawal of his guilty plea resulted in the automatic withdrawal of his waiver of indictment on the charges in the bill of information. The court noted that permission to withdraw a waiver of indictment was a matter within the trial court's discretion, not an absolute right. The court reasoned that the

4

justification to allow McLaughlin to withdraw his guilty plea (that McLaughlin was visibly hesitant during the plea hearing and that certain questions were mistakenly omitted from the court's standard plea colloquy) did not apply to his waiver of indictment and waiver of one-day service. The court found that it had complied with all requirements in R.C. 2941.021 regarding waiver before the plea hearing began. The court emphasized that McLaughlin was present in open court and represented by counsel when the court advised him of the nature of the charges against him in the bill of information and of his constitutional right to prosecution by indictment. The court further noted that McLaughlin waived, in writing and in open court, his rights to prosecution by indictment and one-day service. Based on the foregoing, the trial court concluded that McLaughlin's waivers were knowing, voluntary, and intelligent and that the sufficiency requirements set forth in R.C. 2941.03 were met.

{¶ 11} At trial in February 2025, the jury found McLaughlin guilty of all counts presented: aggravated vehicular assault, OVI (under the influence), OVI (marihuana 10 ng urine or 2 ng blood), and vehicular assault, all charges set forth in the indictment; and tampering with evidence, as set forth in the bill of information. The OVI (marihuana metabolite 15 ng urine and 5 ng blood) and attempted felonious assault counts were not presented to the jury and, after direction by the court, were nolled. McLaughlin was sentenced to three to four-and-a-half years on the aggravated vehicular assault charge (merged with the vehicular assault charge), 180 days on the merged OVI charges, and 24 months on the tampering with evidence charge, to be served concurrently for an aggregate prison term of three to four-and-a-half years.

{¶ 12} McLaughlin now appeals the trial court's judgment denying his motion to withdraw his waiver of indictment.

5

{¶ 13} McLaughlin's sole assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED

MCLAUGHLIN'S MOTION TO WITHDRAW THE WAIVER OF INDICTMENT

HE SIGNED AS PART OF A PLEA DEAL LATER WITHDRAWN.

{¶ 14} McLaughlin contends that the trial court abused its discretion when it denied his motion to withdraw his waiver of indictment on the tampering with evidence charge contained in the bill of information. He asserts that he only agreed to the waiver as an integral part of a plea agreement and that the trial court erred when it denied his motion to withdraw the waiver after permitting him to withdraw his guilty plea. He also argues that he was prejudiced due to the trial court's imposition of a two-year prison term for the tampering with evidence charge. We disagree.

{¶ 15} Ohio Const., Art. I, § 10 provides, in part, that "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury. . ." R.C. 2941.021, however, permits a defendant to waive his right to be indicted by a grand jury on a felony charge and allows the State to proceed with prosecution under a bill of information, stating:

Any criminal offense which is not punishable by death or life imprisonment may

be prosecuted by information filed in the common pleas court by the

prosecuting attorney if the defendant, after he has been advised by the court

of the nature of the charge against him and of his rights under the constitution,

is represented by counsel or has affirmatively waived counsel by waiver in

writing and in open court, waives in writing and in open court prosecution by

indictment.

{¶ 16} A bill of information is sufficient if it can be understood from it that (1) it is

entered in a court having authority to receive it, though the name of the court is not stated; (2) it was subscribed and presented to the court by the prosecuting attorney of the county in which the court was held; (3) the defendant is named, or, if his name cannot be discovered, that he is described by a fictitious name; (4) an offense was committed at some place within the jurisdiction of the court; and (5) the offense was committed at some time prior to the time of filing of the information. R.C. 2941.03.

{¶ 17} Fundamentally, a felony bill of information acts as a substitute for an indictment. *See Wells v. Sacks*, 115 Ohio App. 219, 223 (10th Dist.1962). When a defendant subsequently moves to withdraw a waiver of indictment on a bill of information, we review the trial court's decision under an abuse of discretion standard. *See State v. Coble*, 118 Ohio App. 258, 261 (2d Dist.1962). An abuse of discretion has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

{¶ 18} In the case before us, it is undisputed that McLaughlin was orally advised by the court of the nature of the charges against him in the bill of information and of his rights under the constitution; that he was represented by counsel in open court; and that he waived, in writing and in open court, prosecution by indictment on the tampering with evidence charge. It is also undisputed that the bill of information containing the tampering with evidence charge was sufficient under R.C. 2941.03.

{¶ 19} We note that the trial court granted McLaughlin's motion to withdraw his guilty plea because McLaughlin was visibly hesitant during the plea hearing and that certain questions were mistakenly omitted from the court's standard plea colloquy. A proceeding to waive indictment and one-day service is separate and distinct from a plea colloquy, even as to the same charges. McLaughlin argues that he only agreed to waiver of the indictment

7

on the bill of information's additional charges as an integral part of his plea agreement and that, because his plea agreement was withdrawn, his waiver of indictment on the bill of information should also have been withdrawn. However, McLaughlin provides no authority to support his position.

{¶ 20} We agree with the State that, while connected, McLaughlin's waiver of indictment and guilty plea were not only separate choices effected by him during these proceedings but were also subject to different procedural considerations in the trial court. The bill of information contained additional charges against McLaughlin, and nothing within his waiver of indictment or plea form provided that his waiver was conditioned upon a subsequent guilty plea.

{¶ 21} Finally, McLaughlin argues that he suffered prejudice due to the two-year sentence on the tampering with evidence charge and that the additional conviction for a crime that implies dishonesty makes it more difficult for him to obtain housing and employment. However, there was no prejudice with respect to the amount of time for the sentence, as the two-year sentence for tampering with evidence was to run concurrently with the three-to-four-and-a-half-year sentence on the aggravated vehicular assault charge. McLaughlin further claims that he only waived the indictment for the charges in the bill of information because his counsel negotiated those charges as alternative charges to avoid a mandatory prison term. Yet, McLaughlin has not challenged the sufficiency or manifest weight of the evidence for the tampering charge.  Even if McLaughlin had not agreed to waive indictment and to plead to the bill of information, the information could have been withdrawn, and the State could have sought indictment on the tampering charge given the overwhelming evidence. See *State v. Devore*, 2020-Ohio-4688, ¶ 18 (5th Dist.)

{¶ 22} We conclude that, even if McLaughlin only signed the waiver of indictment

8

because he believed that doing so was part of a plea agreement, he has not shown that he was entitled to withdraw the same, nor that the trial court abused its discretion in overruling his motion. McLaughlin's waiver was properly obtained by the trial court, and he had no automatic right to withdraw his waiver simply because he withdrew his guilty plea. Under these circumstances, we cannot say that the trial court abused its discretion by not permitting McLaughlin to withdraw his waiver of indictment just days before trial and nearly fifteen months after he withdrew his guilty plea. McLaughlin's assignment of error is overruled.

{¶ 23} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J., and TUCKER, J., concur.